436            KENTUCKY REPORTS.            [Vol. 108

City of Louisville v. Mehler, &c.   Gosnell,   &c.,   v.   Wathen,   &c.
Wathen, &c., v. Bruck, &c.   Gosnell, &c., v. Crider, &c.

CASE 58—ACTION TO ENFORCE LIENS FOR STREET IMPROVEMENT AGAINST
PROPERTY HOLDERS—MAY 4.

# City of Louisville v. Mehler, &c. Gosnell, &c., v. Wathen, &c. Wathen, &c., v. Bruck, &c. Gosnell, &c., v. Crider, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

FROM JUDGMENTS ENFORCING LIENS AGAINST DEFENDANT PROPERTY
OWNERS FOR ONLY PART OF THE AMOUNTS CLAIMED, AND AGAINST
THE CITY OF LOUISVILLE FOR THE REMAINDER, THE PLAINTIFFS AND
THE CITY OF LOUISVILLE APPEAL.   REVERSED.

MUNICIPAL CORPORATIONS—STREET ASSESSMENTS—CONTRACT PROVID-
ING FOR REPAIRS.

Held:   A contract for a street improvement which requires the con-
tractor to deposit bonds amounting to ten per cent. of the origi-
nal contract price of the work, to secure the necessary repairs of
the work for five years, but provides that "this guaranty shall
not include any repairs made necessary by any cause or causes
other than defective work or materials used in the construction
of the improvements," only provides for repairs made necessary
by defective work or materials, and therefore the assessment of
the entire cost upon the property owners does not burden them
with an expense which should be borne by the city.

H. L. STONE, CITY ATTORNEY, FOR APPELLANT, CITY OF LOUISVILLE.

1. The guaranty clause did not include in the work to be done under
the contract any ordinary or general repairs chargeable to the
city. Fehler v. Gosnell, 99 Ky., 380, 389, 390, 391, 392, 393;
Gosnell v. City of Louisville, 20 R., 519, 520; City of Louisville
v. Henderson, 5 Bush, 515, 519, 520; City of Covington v. Dress-
man, 6 Bush, 210; Brown v. Jenks, 98 Cal., 10; People v. Maher,
63 N. Y., 83; Barber Asphalt Paving Co. v. Ullman, 38 S. W.,
458, 460, 464, (137 Mo., 543); City of Schenectady v. Trustees of
Union College, (1892), 66 Hun., 179, 21 N. Y. Supp., 147; Cole
v. People (1896), 161 Ill., 16; (43 N. E., 607); Boyd v. City of Mil-
waukee, 92 Wis., 456; Osborne v. City of Lyons, (Iowa), 73 N.
W. Rep., 650; Robertson v. City of Omaha, 76 N. W., 442; Wil-

City of Louisville v. Mehler, &c.    Gosnell, &c., v. Wathen, &c.
Wathen, &c., v. Bruck, &c.    Gosnell, &c., v. Crider, &c.

son v. Inhabitants of City of Trenton, 38 Atl. Rep., 635; 40 Atl.
Rep., 575; Allen v. City of Davenport (Iowa), 77 N. W., 532;
City of Kansas City v. Hanson, &c., (Kansas), Municipal Corpo-
ration Cases, vol. 2, part 6, page 700.

2. The contractor in his contracts agreed to look alone for the price
of all his work to the lot owners.    Trustees of Bellevue v.
Hohn, 82 Ky., 1; Murphy v. City of Louisville, 9 Bush, 189.

3. Appellant's answer presented good defenses, and the court below
erred in sustaining appellee's demurrer thereto.    Fehler v. Gos-
nell, 99 Ky., 394; Gosnell v. City of Louisville, 20 Ky. Law Rep.,
519, 524; Section 2820, Kentucky Statutes; Ib., 2981, 2982, 2816;
State Constitution, section 157; Nicholasville Water Company v.
Board of Councilmen of the Town of Nicholasville, 18 Ky. Law
Rep., 592; Latham v. Village of Wilmette (1897), 48 N. E. Rep.,
Ill., 311; Seaboard Nat. Bank v. Woesten (1898), 147 Mo., 467;
Allen v. City of Portland, 58 Pac. Rep. (Oregon), 510; Barber
Asphalt Paving Co. v. Ullman, 137 Mo., 543 and 479; Cole v.
People, 116 Ill., 16.

F. W. MORANCY, ATTORNEY FOR APPELLANTS, MEHLER, GOSNELL &C.

1. A street contractor is entitled to judgment against the property
owners for ninety per cent. of contract price of work, and for
ten per cent. of same and costs against the city, under the con-
tract in this case.    Fehler v. Gosnell, 18 Ky. Law Rep., 238;
Gosnell v. City of Louisville, 20 Ky. Law Rep., 522.

2. Cities as well as natural persons are bound to do justice, and can
not escape liability for benefits received by plea of ultra vires.
Nicholasville W. Co. v. Nicholasville, 18 Ky. Law Rep., 592;
Argenti v. San Francisco, 16 Cal., 253; also 274 and 282; Silver
Lake v. North, 4 Johnson, C. D., 370; State v. Woram, 6 Hill,
37; Steam Nav. Co. v. Weed, 17 Barb., 378; Hitchcock v. Gal-
veston, 96 U. S., 351; Chapman v. Dong & Co., 107 U. S., 353;
Marsh v. Fulton Co., 10 Wal., 696; Louisiana v. Wood, 102 U. S.,
294; Morville v. Am. Tract Society, 133 Mass., 129; Clark v.
Saline Co., 95 Neb., 516; Pimental v. San Francisco, 21 Cal.,
362; 15 Am. & Eng. Ency. Law, page, 1083-4; Sedgwick, Stat.
& Const. Law, p. 90; Town of Bellevue v. Peacock, 89 Ky.,
497.

ZACK PHELPS, W. W. THUM AND STANLEY E. SLOSS, ATTOR-
NEYS FOR APPELLEES.

1. In the case of Fehler v. Gosnell, 99 Ky., 380, this court held that
where the city made contracts for the improvement of streets, by

**438**          KENTUCKY REPORTS.          [Vol. 108

City of Louisville v. Mehler, &c.   Gosnell, &c., v.   Wathen,   &c.
Wathen, &c., v. Bruck, &c.   Gosnell, &c., v. Crider, &c.

which it was provided that the work was to be done in accordance with the general ordinance, and that the general ordinance required the contractor to deposit bonds to the amount of ten per cent. of the contract price as a guaranty for five years, there was included in the contract price and in the warrants of the defendant property owners, a charge amounting to ten per cent. for repairs, and that they were not liable therefor, and that the warrants against them be scaled by ten per cent.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

In Fehler v. Gosnell, 99 Ky., 380; (35 S. W., 1125), the court had under consideration a contract made by the city of Louisville for street improvements by original construction. Section 14 of the ordinance approved February 5, 1894, was made part of the contract. Part of that section reads as follows: "The contractor shall guaranty the faithful performance of his contract according to this ordinance, and the pavement therein specified and the materials composing the same shall be kept in good repair for the period of five years from the completion of the work and its acceptance by the board of public works; and, to protect the city as to the character of said work and material and such repairs as may be needed, the board of public works to be the judge, the contractor shall deposit bonds of the city of Louisville or of the United States, amounting to 10 per cent. of the original contract price of the entire work, with the city treasurer, who shall hold the same, principal and interest, to be applied, so far as need be, in the necessary repairs of said work; and, at the end of said five years, the unexpended balance, if any, to be subject to the order of said contractor." Under the law the property owners are required to pay for the improvement, and the city the expenses of keeping the streets in repair. In passing upon the ques-

tion (page 392, 99 Ky., and page 1128, 35 S. W.), the court,
among other things, said: "This provision in our judg-
ment not only embraces a guaranty of faithful work, but
also a provision for repairs rendered necessary by other
causes than defects in the contractor's work." The court
was of the opinion in that case that the ordinance and
contract did not only require the property owner to pay
the cost of the improvement, but also that the work should
be kept in good repair for a period of five years; thus·
imposing upon the property owner an expense which
should, under the law, have been borne by the city. There-
fore the court adjudged that 10 per cent. of the contract
price was in excess of the amount imposed by law on the·
property owners, and held they were not required to pay·
that excess.

In order to follow the opinion of the court in Fehler v..
Gosnell, section 14 of the ordinance was not made part·
of the contracts here under consideration, but, in order
to avoid the objection to it, the contracts which the city·
entered into with the contractors for the improvements,
the payment of the cost of which is here involved, a pro--
vision was inserted in the contracts as follows, to-wit:
"The party of the second part hereby guaranties the work
done under this contract, and the materials used in the·
construction of the same are free from defects or flaws,.
and this guaranty is for a term of five years from and
after the acceptance of the work by the board of public·
works. It is hereby especially agreed and understood that·
this guaranty shall not include any repairs made neces-
sary by any cause or causes other than defective work or·
materials used in the construction of the improvements.
After the acceptance of the work by the board of public·

works, the contractor agrees to deposit with the city treasurer bonds of the city of Louisville, or of the United States, amounting in the aggregate to 10 per cent. of the contract cost of the work herein provided for. Should any defect in the work or materials used become apparent during the said guaranty period of five years, the party of the second part shall have notice in writing from the board of public works of such defect, and he shall commence repairing same within three days after service of such notice, and shall prosecute the work of repairing, with all due diligence, to completion. Should he fail or refuse to begin said repairing of said defective work or materials within three days after the service of said notice, the board of public works may have said defects repaired, and charge the same to the contractor, and, to pay the expense of repairing such defects, they may sell for cash as many of the bonds herein mentioned as may be necessary, said sale to be at public auction, at such time and place as the board of public works may order, notice of said sale being given by one publication in the papers doing the public printing and advertising. At the end of said guaranty period of five years the unexpended balance of said bonds and interest, if any, shall be held subject to the order of said contractor. It is hereby further stipulated and agreed that the board of public works shall be the exclusive judge of the existence of defects in the work or materials herein mentioned, and of the extent of the repairs necessary to remedy same; and, further, that the appointment of inspectors by the board of public works, for the supervision of same, to insure that the work and materials are in accordance with the plans and specifications prepared by the board of public

works for the improvement herein mentioned, and the
supervision thereof by such inspector, shall in no wise
relieve the contractor from the guaranty of his work and
materials, as herein set forth." Under the provisions of
this contract, the contractor only guaranties the work
done under it, and that the materials used in the construc-
tion of the same are free from defects or flaws, and gives
the city five years after the acceptance of the board of
public works in which to ascertain and determine whether
or not the work has been properly done, and that the ma-
terials used are free from defects and flaws. It is ex-
pressly provided that the guaranty does not include any
repairs made necessary by any cause or causes other than
defective work or materials used in the construction of
the improvement.

We are of the opinion that the city has the right to enter
into a contract containing the provisions here in question,
and that in doing so the property owner is not burdened
with any expense which should properly fall upon the
city in the matter of repairs after the improvement has
been completed. It would certainly be a great misfor-
tune for the taxpayers if the municipal authorities of the
city of Louisville could not place a condition in a con-
tract for street improvements which would make the con-
tractor responsible to the city thereafter for defects in
workmanship and material used in the construction of
the improvement. If it could require personal security
from the contractors that the improvements should be
done in a workmanlike manner, and that the materials
should be free from defects and flaws, it has the authority
to require a deposit of securities which will afford the
same protection. We are of the opinion that the rule

announced in Fehler v. Gosnell does not entitle the prop-
erty owners here to be relieved from paying the full
amount of the apportionment warrants. This being true,
it necessarily follows that the city is not liable for the
10 per cent. of them which it was adjudged to pay. For
the reasons indicated, the judgments are reversed on all
appeals, and for proceedings consistent with this opinion.