CASE 40—PETITION EQUITY—MAY 5.

# McHenry v. Selvage, et al.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. STREET IMPROVEMENT—ORIGINAL CONSTRUCTION.—Where a portion of an old turnpike road became a public way of a city by reason of the extension of its limits, so as to include the same, the re-grading and paving thereof was "original construction" within the meaning of the statute, which provides that when the improvement is the original construction of a street, it shall be made at the exclusive cost of the owner of the lots; but when the improvement is the reconstruction thereof, the city shall pay the costs.

2. APPORTIONMENT—ASSESSMENT.—It is immaterial for the purposes of this case whether the apportionment was made on the correct basis or not, as it does not appear that under a different method of apportionment, the appellant would be required to pay less than under the method adopted.

. STREET IMPROVEMENTS—LIENS—VALIDITY OF STATUTE.—A statute
which provides that copies of the ordinance authorizing the im-
provement, a copy of the contract therefor, and of the apportion-
ment, each attested by the clerk of the board of council, shall be
proof of the passage, approval and publication of the ordinance,
and *prima facie* evidence of every other fact necessary to be es-
tablished by the plaintiff in actions to enforce liens for street im-
provements is valid.   (Zable v. Orphans' Home, 92 Ky., 91.)

HELM & BRUCE FOR APPELLANT.

1. The method of apportionment adopted in this case does not apply
   where the property is divided off into squares, as it was in this
   case.   (Burnett's Code, chap. 36, sec. 2.)
2. All ordinances before they are enforced shall be published in at
   least one or more of the daily newspapers published in Louisville.
   (Charter of Louisville; Ormsby v. City of Louisville, 79 Ky., 197.)
3. The portion of the old turnpike in question was used and treated as
   a city highway by the city for years after it was included within
   the city limits, and was several times repaired; and the present
   improvement, it seems conclusive, was *re*-construction and not
   original construction, and the city should, therefore, pay for the
   same.

LANE & BURNETT FOR APPELLEES.

1. Under the amendment to the Louisville city charter, approved
   March 24, 1882, the proper allegations in a petition of all the
   steps leading up to the creation of a lien for street improvements,
   when supported by the exhibits provided for therein, creates in
   the face of a mere denial, a *prima facie* case.   (Zable v. City of
   Louisville, 13 Ky. Law Rep., 387.)
2. The improvement of a public way that has formerly been a turn-
   pike road within the city, under the first ordinance and contract
   therefor, passed and made by the General Assembly was an im-
   provement by original construction.   (Dulaney v. Bowman, Bur-
   nett's Digest pp. 540-1.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Whether the lot owners shall pay the cost of improving
Shelby street in the city of Louisville, or whether said
improvement must be at the expense of the city, is the chief
question on this appeal.

The statutes provide that when the improvement is the *original construction* of any street, road, lane, alley or avenue such improvement shall be made at the exclusive cost of the owners of the lots; but when the improvement is the reconstruction of such streets, etc., the city is to pay the costs. The law seems to have been founded on the theory that for such original construction the lot owners should meet the expense because they are proportionately benefited; but that, when the owners have done this much, the city should thereafter maintain the way.

The street in question was originally a turnpike road leading into the city. By an act of the General Assembly, in 1868, the limits of the latter were extended so as to include a portion of the road, and it was thereafter a public way of the city and as such a few repairs were made on it.

In 1890, for the first time, an ordinance was passed looking to a radical improvement in the old road, and making it conform to the general street system prevailing in the city.

The carriage way of the street, from the center line of Meriwether avenue, if extended, to the center line of Stonewall street, was to be thirty-six (36) feet in width, and be improved by grading and paving with macadam pavement, with corner stones at the intersections of streets and alleys, flagstone gutters, and footway crossings across all intersecting streets and alleys, all in accordance with the drawings and specifications on file in the city engineer's office.

In our opinion this was an original construction of the street by the city within the meaning of the statute, and the costs should be borne by the lot owners.

It appears that the method of apportionment was based on the assumption that the contiguous property was not

divided into squares by principal streets, and it is the appellant's contention that the property was in fact so divided, and that, therefore, the method applied was erroneous.  While the record does not show clearly the situation of the property in this respect, the exhibits, maps, etc., seem to show no such division into squares; but if it were otherwise, it does not appear that, under a different method of apportionment, the appellant would be required to pay less than under the method adopted.

It is further contended that the ordinance under which the work was done was not published as required by the charter.

Proper averment on this behalf is found in the petition, but this is denied by the answer, and there is no testimony on the subject.

The statute, however, disposes of this question by providing that copies of the ordinance authorizing the improvement or work, a copy of the contract therefor and of the apportionment, each attested by the clerk of the board of councilmen, shall be proof of the due passage, approval and publication of the ordinance and *prima facie* evidence of every other fact necessary to be established by the plaintiff in actions to enforce such liens.  And this statute was upheld in Zable v. Louisville Baptist Orphans' Home, 92 Ky., 91.

The judgment is affirmed.