588            KENTUCKY REPORTS.        [Vol. 111

City of Louisville v. Tyler.  Tyler v. Louisville & N. R. R. Co.

CASE 56—ACTION TO ENFORCE A LIEN FOR STREET IMPROVEMENT—Sep. 24.

# City of Louisville v. Tyler.
# Tyler v. Louisville & N. R. R. Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT DISMISSING PLAINTIFF'S PETITION AS TO THE L. & N. R. R. Co, AND IN FAVOR OF PLAINTIFF AGAINST THE CITY, AND THE PLAINTIFF AND THE CITY EACH APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—STREET ASSESSMENTS—LIABILITY FOR COST OF RECONSTRUCTION.

Held: 1. As the liability of abutting property owners for the cost of a street improvement is the creature of the statute, and the statute does not create such liability in cities of the first class except for original construction authorized by ordinance, abutting property in such cities can not be charged with the cost of reconstructing a street, though the original construction may not have been by ordinance, or at the cost of abutting owners.

2. The fact that no sidewalk was made when a street was originally constructed, or was ever thereafter made, does not prevent a subsequent improvement of the street from being a reconstruction; nor is it material that the street was originally improved by building a "turnpike road," as that is well understood to mean a macadam pavement, which is the kind of pavement, at the time of the improvement, in general use in the city.

3. Kentucky Statutes, section 2834, part of charter of cities of first class, providing that the city shall not be liable for the original improvement of public ways without the right to enforce it against the property receiving the benefit thereof, has no application to the reconstruction of a street.

4. Kentucky Statutes, section 2835, providing that "the cost of making sidewalks, including curbing, whether by original construction or reconstruction, shall be apportioned to the front feet as owned by the parties, respectively, fronting said improvement, except that each corner lot will pay the cost of its sidewalk intersection," applies only when a sidewalk, including curbing, is either constructed or reconstructed; and

Vol. 111]  SEPTEMBER TERM, 1901.  589

City of Louisville v. Tyler.  Tyler v. Louisville & N. R. R. Co.

therefore, where no construction of sidewalk is provided for, but the ordinance and contract provide for an improvement of the carriage-way "by grading, curbing, and paving," the curbing is a part of the improvement of the carriage-way, and, if the work is reconstruction, must be done at the cost of the city.

H. L. STONE AND JOHN MASON BROWN, FOR APPELLANT, CITY OF LOUISVILLE.

It is alleged and claimed by appellee in this case that the improvement of the carriage-way of Fulton street as constructed by him, was the original improvement thereof.

The answer of the city consists of three denials:

1. That the improvement in question was an original construction.

2. That the contract was awarded to the lowest bidder.

3. That the grade was established by the General Council.

1. What is meant by original construction is purely a question of law, and means "all work and material used upon them in in the construction and reconstruction thereof, and should be made and done as may be prescribed by ordinance."

2. The good faith of the board of public works in awarding this contract to Owen Tyler is not called in question by the answer, nor is there any charge to be found in the answer, nor any allegation of fraud on the part of the board of public works in awarding, or on the part of Owen Tyler in procuring the contract for the improvement in question in this case.

3. In the case at bar there is nothing but denials in the answer, and the attested copies on file in this case of the ordinance contract and apportionment, is proof of every fact necessary to be established by the appellee.

Our contention is, that the city of Louisville is not liable and that instead of a judgment being rendered in favor of the appellee, Tyler, against the appellant, city of Louisville, he should have judgment on the amount of the apportionment warrant sued on against the appellee, L. & N. R. R. Co.

AUTHORITIES CITED.

Section 12 of Act of March 3, 1870, Lucas' Digest, p. 13; Sec. 2 of Act approved February 20, 1873, entitled "An Act to Amend the Charter of the City of Louisville." Caldwell v. Rupert, 10 Bush, 179. Sec. 9 of "Act to Amend the Charter of the City of Louisville," Lucas' Digest, p. 71.  Sec. 2 of Act approved March 24, 1882, vol. 2, Session Acts, 1881-2, p. 990.

590 KENTUCKY REPORTS. [Vol. 111

City of Louisville v. Tyler.  Tyler v. Louisville & N. R. R. Co.

Kentucky Statutes, secs. 2833, 2826 and 2834. Dulaney v. Bowman, Burnett's Code, p. 541, also p. 544; McHenry v. Selvage, 18 Ky. Law Rep., 474; Hammett v. Philadelphia, 65 Pa. St., 146; Alcorn v. city of Phiadelphia, 112 Pa. St., 498; Philadelphia v. Dibelar, 147 Pa. St.; Leake v. Phiadelphia, 150 a. St., 643; Philadelphia v. Kelley, 116 Pa. St., 211; Philadelphia v. Edelman, 169 Pa. St., 452; Elliott on Roads and Streets, p. 441; Preston v. Roberts, 12 Bush, 580; Cleveland v. Board of Fire Comrs., 55 Barb., 288; Reilly v. Mayor of New York, 18 North East., 623; People v. Kent, Com'r, 43 North East., 760; State v. Board of Public Works, 31 Atlantic, 613; Reuting v. Titusville, 34 Atlantic, 916; Caperton v. Humpich, 95 Ky., 105; City of Louisville v. Louisville Rolling Mills, 3 Bush, 416; Preston v. Rudd, 84 Ky., 150; Zable v. Louisville Baptist Orphans' Home, 92 Ky., 91; City of Louisville v. Nevin, 16 Ky. Law Rep., 438; Shuckv. City of Lebanon, 53 S. W., 655; Barrett v. Falls City Artificial Stone Co., 21 Ky. Law Rep., 669.

PIRTLE AND TRABUE, AND H. M. LANE, ATTORNEYS FOR OWEN TYLER.

1. The terms—construction, reconstruction and repair, as found in the charters of the city of Louisville and in the act for the government of cities of the first class, in their application to the improvement of public ways, are defined in the statute, and distinguished one from the other by certain essentials which enter into the proceedings of the local authorities under which completed—whether an improvement of a public way is one of original construction or of reconstruction or repair, depends largely upon the intent of the local Legislature as expressed in the proceedings under which the improvement is made, as the proceedings authorizing such improvements differ one from the other. Murphy v. Louisville, 9 Bush, 189; Henderson v. Lambert, 14 Bush, 24; Lucas' Digest, pages 6, 7, 8, 57, 71, 73, 75; Kentucky Statutes, secs. 2826, 2832, 2833; Kendall v. Thomasson, 2 Ky. Law Rep., 422; Preston v. Roberts, 5 Ky. Law Rep., 57; Philadelphia v. Eddleman, 169 Penn. St., 452: Philadelphia v. Debeler, 147 Penn. St., 261; Philadelphia v. Baker, 140, Penn. St., 71; Philadelphia v. Hill, 166 Penn St., 211; Leak v. Philadelphia, 150 Penn. St., 63; Rittenkamp v. Scoppel, 59 Mo. Ap., 510; McHenry v. Selvage, 99 Ky., 234; Dulaney v. Bowman, MSS. Opinion, 1875.

2. A matter of record made by the petition an essential part of the facts constituting the cause of action sued on, and

Vol. 111]     SEPTEMBER TERM, 1901.          591

City of Louisville v. Tyler.   Tyler v. Louisville & N. R. R. Co.

easily accessible to the defendant's, can not be traversed by a denial of sufficient knowledge or information sufficient to form a belief. Band v. Godshaw, 12 Bush, 598; Wing v. Dugan, 8 Bush, 583; Gridler v. Farmers, 12 Bush, 333.

3. The fact that a profile can not be interpreted or applied except by those versed in the mysteries and signs of the art of engineering, does not render the same void and meaningless. Anderson v. Bitzer, 20 Ky. Law Rep., 1451; Caldwell v. Connell, MSS. Opinion Oct., 1899; Marshall v. Barber, MSS. Opinion Oct., 1899; Preston v. Rudd, 84 Ky., 150.

4. The defects in a petition which are caused by the answer ceases to be hurtful, and are never available as a ground of reversal or affirmation in the appellate court. Hollman v. Covington, 11 Ky. Law Rep., 258; Richard v. Page, 15 Ky. Law Rep., 159; Covington v. Gas Light Co., 8 Ky. Law Rep., 815; 6 Ky. Law Rep., 596; 13 Bush, 570, 601; 14 Bush, 320; 78 Ky., 210, 435; 88 Ky., 496.

5 Objections which do not go to power or jurisdiction, after the improvement of a public way has been completed and the benefits have been secured to the abutting property came too late. Fehler v. Gosnell, 99 Ky., 388-92, Ky., 89.

6. It is never necessary to allege what is not necessary to prove; whether a bidder for any proposed improvement makes the lowest bid must be determined in every instance in advance by the board of public works, and that determination in the absence of fraud or collusion is conclusive, the board considers the material as well as the price and the award of the board can not be questioned except upon the charge by the defendant of fraud or collusion.    A legal ambush is not encouraged by the courts, and when a party stands by and sees expenditures made from which his estate derives a great advantage, his time for complaint, if any, is before the expenditures are made. 129 Mass., 250; 170 Ills., 356; 93 Mich., 170; 44 N. W. R., 909.

HELM BRUCE AND HELM FOR L. & N. R. R. Co.

1. "There is no common law liability resting upon lot owners to pay for the improvement of an adjacent street. Whatever liability they are subject to is created by statute, and all such statutes must be construed most strictly against those asserting claims under them. "A benefit derived from the construction of a street" does not raise an implied assumpsit. City of Henderson v. Lambert, 14 Bush, 30.

2. The statutory authority under which the present lien is claim-

592          KENTUCKY REPORTS.          [Vol. 111

City of Louisville v. Tyler.   Tyler v. Louisville & N. R. R. Co.

ed is as follows:   "A lien shall exist for the cost of *original improvement* of public ways."   Kentucky Statutes, section 2834.

3. The work done by plaintiff was not the original improvement of Fulton street.     As to whether it was or not, is a simple question of fact.

4. The statute requires that an advertisement for bids for doing public work shall be published "once a week for two weeks in some newspaper."   Kentucky Statutes, secs. 28, 29.

One of the advertisements in the present case was made on July 21, 1895, which was Sunday, and an advertisement published on Sunday is, in the eyes of the law, no advertisement.   Ormby v. City of Louisville, 79 Ky., 197.

5. The statute requires that the contract be let to the lowest bidder.   Kentucky Statutes, sec. 28-29.     The petition does not allege that the plaintiff was the lowest bidder, but that *it was ascertained* that his bid was the lowest.     And this allegation is not sufficient.   Stephen on Pleading, Heard's edition, side page, 384.

In fact the work was not let to the lowest bidder.

6. The general council must fix the grade of a street upon which an improvement is to be made before the cost can be assessed against the adjacent property.   Zabel v. Louisville Baptist Home, 92 Ky., 94.

In the case at bar this was not done.     The petition does not so allege and the exhibits show the contrary.

OPINION OF THE COURT BY JUDGE DuRELLE—AFFIRMING.

Suit was brought by Tyler against the Louisville & Nashville Railroad Company and others, owners of property abutting on Fulton street between Floyd and Preston streets, in Louisville, and against the city of Louisville, seeking to enforce a lien upon such property for the cost of laying granite pavement along that street, under a contract executed by Tyler with the city in pursuance of an ordinance.   The chancellor dismissed the contractor's petition against the owners of the abutting property, but rendered judgment against the city for the contract price of the improvement.   The city appeals from the judgment against it, and the contractor  from the judgment dismissing his petition against the abutting property holders.

The defense chiefly relied upon is that the improvement
for which recovery is sought is not the original construction
of the street.   On behalf of the city, counsel earnestly and
most ingeniously argues that the question is one purely
of law, and that the improvement of a street by original
construction is such an improvement as, under the law,
can be made a charge upon and enforced against the abut-
ting property, and therefore, as it is conceded that the
law did not authorize such charge against abutting prop-
erty unless the improvement were provided for by ordin-
ance, and as the improvement of Fulton street in 1874 was
made under a resolution of the general council, there has
never been an improvement of the street by original con-
struction until the improvement now in litigation.   A num-
ber of cases from Pennsylvania are relied on in support
of this contention.   Those cases, however, seem to have
turned upon the constitutional question whether the re-
construction of a street was a local improvement clearly
conferring special benefits on the property assessed, in
which event only would such assessment be permissible by
the Pennsylvania Constitution.   The question in this State
seems to us a different one.   It was said by Judge Cofer,
in City of Henderson v. Lambert, 14 Bush., 30, that: "The
obligation of lot owners to pay for improving streets does
not rest alone on the ground that they are benefited by such
improvements, and therefore ought, in natural justice,
to pay for them.   That they are benefited furnishes the
foundation for legislative power to require them to pay,
but does not raise an implied assumpsit.   There is no com-
mon-law liability resting upon lot owners to pay for the
improvement of an adjacent street.   Whatever liability they
are subject to is created by statute, and all such statutes

must be construed most strictly against those asserting claims under them." By the act for the government of cities of the first class (section 2834, Kentucky Statutes) it is provided: "A lien shall exist for the cost of original improvement of public ways." Under the former charter of the city of Louisville the improvement of public ways was defined to mean all work and material used upon them in the construction or reconstruction thereof, and should be made and done as may be prescribed by ordinance." Lucas' Dig., p. 13. By amendatory acts to that charter (Lucas' Dig., pp. 71, 73) it was required that, when the improvement was the original construction of the street, it should be made at the exclusive cost of the owners of lots in each quarter square where the contiguous territory was bounded by principal streets, and, where not so bounded, that the depth to which the assessment should extend should be prescribed by ordinance. These provisions are, in substance, contained in the present law (section 2833, Kentucky Statutes). See, also, section 2826. These statutes, and the decisions under them, do not show that there could be no original construction of a street except under an ordinance, but only that the cost of such original construction could not be charged upon abutting property unless the improvement was made under an ordinance. The question seems to us, therefore, to be one of fact, and should depend upon whether the improvement was in fact the original construction of a public street as a street of the city. If it was in fact such original construction, any subsequent improvement thereof would be reconstruction or repair, not properly chargeable against the property of abutting owners. Nor do we see anything in the opinion in McHenry v. Selvage, 99 Ky., 232 (18 R., 473), 35 S. W., 645, in conflict with this conclusion. Said

the court in that case: "The law seems to have been founded upon the theory that for such original construction the lot owners should meet the expense, because they are proportionately benefited, but that, when the owners have done this much, the city should thereafter maintain the way. The street in question was originally a turnpike road, leading into the city. By the act of the General Assembly in 1868 the limits of the latter were extended so as to include a portion of the road, and it was thereafter a public way of the city, and as such a few repairs were made on it." In that case an existing public road was taken into the city. As was necessary and proper, it was kept in repair by the city. It had never been constructed as a city street, and the court so held. In the case at bar the public way has been within the city limits for some fifty years, and, as we think the record abundantly shows, had been, in 1874, constructed as a city street. That it was not so constructed by ordinance, at the cost of the abutting owners, seems to us to make no difference in law. That it was not so constructed at the owners' cost may have been in violation of the theory upon which the legislative enactment was adopted, but that can make no difference in the legal liability for the cost of an improvement to pay for which no implied assumpsit can arise. Such liability is the creature of the statute, and the statute does not create it except for original construction authorized by ordinance. The record shows that that part of Fulton street in controversy was improved in 1874 by a firm of contractors under a contract executed with surety by which they bound themselves to construct "a turnpike road in Fulton street, from Brook to Preston, according to the specifications on file in the city engineer's office, and which are made a part hereof as fully

596 KENTUCKY REPORTS. [Vol. 111

City of Louisville v. Tyler. Tyler v. Louisville & N. R. R. Co.

as if the same were herein inserted, required to be so improved by a resolution passed by the general council of said city, and approved by its mayor on the '10th day of September, 1874." The record also shows that this work was done and paid for by the city, and that at least twice thereafter repairs were made upon the street so constructed. That no sidewalk was not made is not material, for no sidewalk has been made up to the present day. Nor is it material that it was improved by building a "turnpike road," which is well understood to mean a macadam pavement, the kind of pavement at the time in use on nine-tenths of the streets of the city which had been improved. The street was constructed as a city street, used as a city street, repaired as a city street, and worn out as a city street, and the cost of its reconstruction should, under the law applicable to cities of the first class, be paid for by the city. The provisions of the act for the government of cities of the first class (section 2834, Kentucky Statutes) that "in no event, if such improvement (by original construction) be made as is provided for, either by ordinance or contract, shall the city be liable for such improvement without the right to enforce it against the property receiving the benefit thereof," does not apply in this case, because we hold the present improvement not to be original construction of the street, but reconstruction. For the reasons given, the judgment is affirmed.

RESPONSE BY JUDGE DuRELLE, OVERRULING PETITION FOR REHEARING.

A new question is presented by petition for rehearing. By the act for the government of cities of the first class (section 2835, Kentucky Statutes) it is provided: "The cost

of making sidewalks, including curbing, whether by orig-
inal construction or reconstruction, shall be apportioned
to the front feet as owned by the parties, respectively,
fronting said improvement, except that each corner lot
will pay the cost of its sidewalk intersection." The ordin-
ance and contract under which the improvement sued for
in this case was made included curbing, and it is there-
fore insisted on behalf of the city that the judgment must
be reversed as to the cost of the curbing, although, as de-
cided by the court, the work was work of reconstruction.
There is some apparent conflict between the section quoted
and section 2833, the latter part of which was introduced
for the first time in the act of March 19, 1898: "When
the improvement is the original construction of any street,
road, lane, alley or avenue, such improvement shall be made
at the exclusive cost of the owners of lots in each fourth
of a square, to be equally apportioned by the board of
public works according to the number of feet owned by
them respectively; and in such improvements the cost of
the curbing shall constitute a part of the cost of the con-
struction of the street or avenue and not of the sidewalk."
It therefore appears that, at least since the adoption of
the new act, it was not by the Legislature considered
essential that curbing should be regarded as part
of the sidewalk, nor that it must invariably be ap-
portioned in proportion to the number of front feet of
the abutting property, for the new section requires that
when laid down in connection with the original construc-
tion of a street, it shall be treated as a part of the cost
of the roadway, and apportioned in proportion to the num-
ber of square feet in the quarter squares adjacent to the
improvement; and, independently of the legislative con-
struction by the act of 1898, the court has reached the

conclusion that section 2835 applies only when a sidewalk, including curbing, is either constructed or reconstructed; and that where, as in the case at bar, there is no construction of sidewalk provided for, but the ordinance and contract provide for an improvement of the carriageway "by grading, curbing, and paving," etc., the curbing is a part of the improvement of the carriageway, and, if the work is reconstruction, must be done at the cost of the city.

The petition is therefore overruled.

This response applies also to the petition in the case of Railroad Co. v. Nehan (23 R., 889) 64 S. W., 457.