CASE 91.—ACTION BY THE BARBER ASPHALT PAVING
COMPANY AGAINST NANCY SPARKS AND
OTHERS TO RECOVER FOR STREET IMPROVE-
MENTS.—October 14.

# Sparks, &c., v. Barber Asphalt Paving Co.

Appeal from Jefferson Circuit Court; Chancery
Branch (First Division); SAMUEL B. KIRBY, Judge.

Judgment for plaintiffs, defendants appeal — Af-
firmed.

1.  Municipal Corporations—Street Improvements—Original Con-
    struction.—A city, ordering the grading and paving of a
    street, a part of which had been improved by an abutting
    owner at his own cost on his own initiative, orders the original
    construction of the street, and the abutting owners may be
    taxed for the cost thereof.
2.  Same—"Constructed."—A street is not "constructed," within
    the law authorizing the original construction of a street at the
    cost of abutting owners, until its construction is prescribed
    by the city authorities.

A. E. RICHARDS and A. B. BENSINGER for City of Louisville.

WM. FURLONG and JOHN WOODBURY for Barber Asphalt
Paving Co.

## PROPOSITIONS AND AUTHORITIES.

1. The work here involved is the first work done on this street
since it has been within the limits of the city and is the original
construction of the street in contemplation of law. (McHenry v
Selvage, 99 Ky. 232; Wymond v. Barber Asphalt Paving Co., 25
Ky. Law Rep. 1135; Heim v. Figg, 28 Ky. Law Rep. 396; Duker
v. Barber Asphalt Paving Co., 25 Ky. Law Rep. 135; Gast v. Minor,
28 Ky. Law Rep. 1256; Adams v. Ashland, 26 Ky. Law Rep. 184;
Barfield v. Gleason, 111 Ky. 491; City of Catlettsburg v. Self, 115

Ky. 677; Lindsay v. Brawner, 29 Ky. Law Rep. 1238; Mackin v. Wilson, 20 Ky. Law Rep. 218; Garr v. Barber Asphalt Paving Co., 115 Ky. 334; Lindenberger Land Co. v. Parks Co., 27 Ky. Law Rep. 434; Fox v. Middlesborough Town Co., 96 Ky. 262; Ormsby v. Jamison, 9 Ky. Rep. 325.)

2. The street improved lies in a newly annexed portion of the city, which has not yet been defined into squares by principal streets, and the council in ordering the improvement by ordinance prescribed the district which should pay the cost of the improvement. The procedure for this purpose and the district selected was the usual procedure, and the ordinary district and similar actions have been repeatedly sustained by this court.

3. Along the north side of Frankfort avenue and running parallel with it is a railroad right-of-way sixty feet in width. This right-of-way fronts the improvement on the north the entire length of the street, but the assessment of the cost is not limited to the one lot of land fronting the improvement, but must be carried back to a depth "prescribed by the ordinance." (Pfaffinger v. Kremer, 24 Ky. Law Rep. 2368; Butler v. Kremer, 24 Ky. Law Rep. 1195; Zehnder v. Barber Asphalt Paving Co., 24 Ky. Law Rep. 2279; Snyder v. Barber Asphalt Paving Co., 24 Ky. Law Rep. 2348; Lindenberger Land Co. v. Parks Co., 27 Ky. Law Rep. 437; L. & N. R. R. Co. v. Barber Asphalt Paving Co., 25 Ky. Law Rep. 1024; Parks Co. v. Orth, 24 Ky. Law Rep. 2209; Specht v. Barber Asphalt Paving Co., 26 Ky. Law Rep. 193; Gaar v. Barber Asphalt Paving Co., 115 Ky. 334.)

4. The legislative power of the State is supreme in levying taxes, general or special, and when it acts in a matter either directly or through municipal authorities to whom power has been delegated, its judgment as to what property or what district is benefited by the improvement is conclusive in the absence of a showing of spoilation or a taking of property. (McFerran v. Alloway, 77 Ky. 580; Henderson Bridge Co. v. City of Henderson, &c., 90 Ky. 505; City of Ludlow v. The Trustees of the Cincinnati, &c., Railway, 78 Ky. 359; Slack v. Maysville & Lexington Railway Co., 52 Ky. 30; Otter v. Barber Asphalt Paving Co., 29 Ky. Law Rep. 1157; Nevin v. Roach, 86 Ky. 492; Preston v. Rudd, 84 Ky. 150; Pearson v. Zable, 78 Ky. 170; L. & N. R. R. Co. v. Barber Asphalt Paving Co., 197 U. S. 430; French v. Barber Asphalt Paving Co., 181 U. S. 324.)

GREGORY & McHENRY for appellant Sparks.

Sparks, &c., v. Barber Asphalt Paving Co.

AUTHORITIES CITED AND DISCUSSED

1. Response to brief for Barber Asphalt Paving Company. (Mc-Henry v. Selvage, 99 Ky. 232; Ky. Stats., section 2833.)

2. Special assessments rest in theory on benefits received. (Hamilton on Law of Special Assessments, section 3; Hamilton on Law of Special Assessments, section 587; Norwood v. Baker, 172 U. S. 269; Frnch v. Barber Asphalt Paving Co., 181 U. S. 329.)

3. Response to brief for City of Louisville. (Heim v. Figg, 28 Ky. Law Rep. 397; City of Louisville v. Tyler, 111 Ky. 588; L. & N. R. R. Co. v. Neehan, 25 Ky. Law Rep. 889; Gleason v. Barnett, 22 Ky. Law Rep. 1660; Gast v. Minor, 28 Ky. Law Rep. 1256; Catlettsburg v. Self, 115 Ky. 677; Adams v. Ashland, 26 Ky. Law Rep. 184; Lindsey v. Brown, 29 Ky. Law Rep. 1238; Barfield v. Gleason, 111 Ky. 491; Preston v. Rudd, 84 Ky. 156; Pfaffinger v. Kremer, 115 Ky. 493; Hamilton on Law of Special Assessments, section 309; Park v. Orth, 24 Ky. Law Rep. 2209; Acts of 1883-4, vol. 2, p. 166; McFernan v. Alloway, 14 Bush 580; L. & N. R. R. Co. v. Barber Asphalt Paving Co., 25 Ky. Law Rep. 1024, 197 U. S. 430.)

4. Reconstruction at expense of property owners wholly unauthorized. (Hamilton, Special Assessments, section 383; Chicago v. Brown, 205 Ill. 568, 69 N. E. 65.)

WM. FURLONG, JOHN L. WOODBURY, A. E. RICHARDS and A. B. BENSINGER for appellee.

POINTS AND AUTHORITIES RELIED ON.

1. The proposition involved in this case is the payment for the cost of constructing Frankfort avenue, in the eastern part of the city of Louisville. The work here involved is the first work done on this street since it has been within the limits of the city, and is the original construction of the street in contemplation of law. (McHenry v. Selvage, 99 Ky. 232; Wymond v. Barber Asphalt Paving Co., 25 Ky. Law Rep. 1135; Heim v. Figg, 28 Ky. Law Rep. 396; Duker v. Barber Asphalt Paving Co., 25 Ky. Law Rep. 135; Gast v. Minor, 28 Ky. Law Rep. 1256; Adams v. Ashland, 26 Ky. Law Rep. 184; Barfield v. Gleason, 111 Ky. 491; City of Catletts-

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

What is now Frankfort avenue in the city of

Louisville was formerly the Louisville & Shelbyville turnpike. While the pike was still in the possession of the turnpike company, the town of Crescent Hill was formed, which included within its limits a part of the pike. While the road was the property of the turnpike company and within the town of Crescent Hill, the Louisville Water Company improved the part of the road with macadam along the front of the Louisville Water Company's property, extending westwardly to the intersection of Crescent avenue. The width of the improvement was 44 feet. A part of the road was raised 3 or 4 feet, to the level of the tracks of the Louisville & Nashville Railroad Company, which run parallel with the road. In addition to this gutters and curbings were put in. The entire cost of the improvement was borne by the Louisville Water Company. After all this had been done some years, the boundaries of the city of Louisville were extended so as to take in the town of Crescent Hill; and on April 7, 1905, the city passed an ordinance for the construction of a part of Frankfort avenue by grading, curbing, and paving with asphalt. The section so ordered to be improved included within it that part of the street which had been before improved by the water company voluntarily for reasons of its own. The only question necessary to be determined on this appeal is whether the making of the asphalt street under the ordinance was original construction as to this part of the street which had before been improved by the Louisville Water Company. The circuit court held that it was original construction, and the property owners who were assessed for it have appealed.

The rule as declared by this court in a number of opinions is that until the street is improved as pro-

vided by the municipal authorities, and an improvement is made for which the property owners are charged, there is no original construction of the street; in other words, the abutting property may be taxed to construct the street, and this power of taxation is not affected until it is exercised. McHenry v. Selvage, 99 Ky. 234, 18 Ky. Law Rep. 473, 35 S. W. 645; Wymond v. Barbour Asphalt Paving Company, 77 S. W. 203, 25 Ky. Law Rep. 1135; Helm v. Figg, 89 S. W. 301, 28 Ky. Law Rep. 396; Catlettsburg v. Self, 115 Ky. 677, 25 Ky. Law Rep. 161, 74 S. W. 1064; Adams v. Ashland, 80 S. W. 1105, 26 Ky. Law Rep. 184; Lindsey v. Brawner, 97 S. W. 1, 29 Ky. Law Rep. 1238; Gast v. Minor, 91 S. W. 251, 28 Ky. Law Rep. 1256; Barfield v. Gleason, 111 Ky. 491, 23 Ky. Law Rep. 128, 1120, 63 S. W. 964. The circuit court followed the rule declared in these opinions. The facts in many of these cases cannot be distinguished from the facts of this case. The cases differ in degree, but not in principle. The rule declared by the court rests upon the ground that until the abutting property has once been compelled to bear the burden the city has not constructed originally the street, which in justice to all other property within the city and upon an equal basis under the statute it should do. If appellant's contention were sustained, it would follow that Frankfort avenue might be constructed as an asphalt street at the cost of the adjoining landowners on certain squares, and could not be so constructed on other squares, although the city authorities had not before defined how the street should be constructed. If this were the rule, there could be no uniformity in the streets of the city, and persons who paid for the construction of an asphalt street in front of their property might not receive

the benefits contemplated by law, because right by the side of them might be property owners who could not be required to pay, and either there could be no asphalt street constructed in front of them or it must be done at the cost of the city. If it was done at the cost of the city, the burden would in part fall on those who had already paid for the construction of their part of the street; and if it was not so done they would have no asphalt street. It is essential that the streets of the city must be uniform. To have uniformity, they must be regulated by the city authorities. There could be no uniformity if each property owner might improve the street in front of him, and thus forestall action by the city authorities, directing how the street shall be constructed. As the city authorities have control of the streets, a street, in the meaning of the law, is not constructed until its construction is prescribed by the city authorities; and until it is so prescribed, and the property holders are required to pay for constructing the street, the cost of constructing the street as required by the city authorities may be assessed against their property.

Judgment affirmed.

Petition for rehearing by appellant overruled.