## City of Louisville, et al. v. Stoll, et al.

(Decided May 22, 1914.)

### Appeal from Jefferson Circuit Court (Chancery No. 2).

Streets—Original Construction.—A street is not originally constructed until it is improved at the cost of the adjoining property owners.

PENDLETON BECKLEY, LEON P. LEWIS for appellant City of Louisville.

J. V. NORMAN, JOHN BRYCE BASKIN for appellant Louisville Point Lumber Company.

KINNEY & THOMAS for appellees Stoll, et al.

ROBERT F. VAUGHAN for appellee Barrett Manufacturing Company.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The city of Louisville in 1872 under legislative authority issued bonds for the purpose of raising the grade of Fulton street east of Preston street. The work was done and was paid for out of the proceeds of the bond issue. The chief purpose of the work was to make a fill to protect the city from overflow; after the fill was completed, the street was improved with macadam; this was also paid for out of the proceeds of the bond issue without cost to the abutting property owners. The street was used as a street of the city from that time until 1911, when the city by proper ordinance ordered the construction of Fulton street from Mill to Cabel streets, the construction involving a granite pavement; the cost was apportioned against the property owners. This suit was brought to enforce the apportionment warrants. The circuit court dismissed the petition upon the ground that the work was reconstruction. The city appeals.

By section 2833, Kentucky Statutes, when the improvement is the original construction of any street, it shall be made at the exclusive cost of the adjoining property owners, to be apportioned as therein directed; and by section 2834 Kentucky Statutes., a lien on the respective lots shall exist for the cost of original improve-

ment of public ways. In a number of cases construing this statute, we have laid down the rule that until the abutting property has once been compelled to bear the burden, it has not constructed originally the street, which in justice to all other property owners within the city, and upon an equal basis under the statute, it should do. (McHenry v. Selvage, 99 Ky., 232; City of Catlettsburg v. Self, 115 Ky., 669; Lindsey v. Brawner, 97 S. W., 1; Sparks v. Barber Asphalt Co., 129 Ky., 769.) Were the rule otherwise certain streets in the city or certain parts of a street, might be constructed at the cost of the abutting property owners, while other parts were constructed at the cost of the city, and the owners of the abutting property thereon thus escape all liability for the improvement. It is true a different rule was laid down in City of Louisville v. Tyler, 111 Ky., 588, and the circuit court seems to have followed that opinion. But that case was in effect disapproved in City of Catlettsburg v. Self; it is in conflict with the subsequent cases, and is overruled.

The conclusion we have reached makes it unnecessary for us to consider the other questions presented on the argument.

Judgment reversed and cause remanded for a judgment as above indicated.