## Carran v. City of Ludlow.

(Decided March 9, 1917.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Municipal Corporations—Construction of Streets.—Under section 3572 of the Kentucky Statutes, cities of the fourth class may

direct the original construction of its streets to be made at the exclusive cost of the abutting property owners.

2. Municipal Corporations—Abutting Owners—Construction of Streets.—Until the abutting property of a city has been once compelled to pay the cost of constructing a street, it has not been constructed within the meaning of the statute, which authorizes a city of the fourth class to construct. its streets at the cost of the abutting property.

3. Municipal Corporations—Construction of Streets.—Where a highway within a fourth class city was constructed 20 feet wide at the cost of the city, it may subsequently be constructed so as to make it 40 feet wide, at the cost of the abutting property, the cost thereof being for original construction and not for reconstruction.

SCHMIDT & HOLMES for appellant.

JOEL H. WARD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

By an ordinance approved May 11, 1916, Ludlow, a city of the fourth class, provided for the improvement of Ludlow Highway, one of the thoroughfares of said city, to a width of 40 feet, by constructing the same with a granite, bitulithic or brick surface, in the manner therein specifically set forth. The ordinance directed that the cost of constructing the street should be assessed against the owners of the abutting property, as provided by section 3572 of the Kentucky Statutes.

After the city had advertised for bids for the construction of the highway, and were about to receive bids therefor, the appellant Carran, an abutting land owner, filed this action and obtained an order restraining the city from proceeding under the ordinance. Mrs. Elizabeth McCoy, likewise the owner of a lot abutting on Ludlow Highway, filed her intervening petition, alleging that the proposed construction of Ludlow Highway is reconstruction which the statute requires must be paid for by the city, and not original construction to be paid for by the abutting property owners; and charging that the city of Ludlow induced Carran to bring this action for the purpose of having the ordinance declared valid without any real hearing or objection thereto.

The city demurred to the petition, and answered setting forth the facts hereinafter shown.

The court overruled a demurrer to the answer, and sustained the demurrer to the petition; and, the case

having been tried upon the pleadings, the petition was dismissed. Carran appeals.

Whether this improvement is original construction, or reconstruction, of Ludlow Highway, is the only question presented by this appeal.

The petition shows, and it is conceded to be true, that in the year 1890, the legislature passed an act authorizing the cities of Covington, West Covington, and Ludlow, to lay out and construct, at the joint expense of the three municipalities, a road connecting the three cities with each other; the necessity of the new road arising from the fact that the old road which had theretofore been used as the connecting link between the three cities, had been washed away by the encroachment of the Ohio river.

Under this legislative act, each city was to appoint one of three commissioners to supervise the construction of the road; and, each city was likewise authorized to issue and sell its bonds for that purpose, to the extent of $8,000.00. The act further directed that upon the completion of the highway, so much thereof as lay within the respective municipalities of Covington, West Covington, and Ludlow, should revert to them respectively, and be kept by them in repair and proper condition as other streets of said cities were required to be kept; and, the act provided a penalty for the failure to so keep them in repair.

Section 3572 of the Kentucky Statutes, which is a part of the charter of fourth class cities, gives fourth class cities the authority to construct any street at the exclusive cost of the abutting property owners; and it was so provided in this instance. The cost of the reconstruction of streets once constructed at the expense of the abutting property owners must, however, be borne by the city; it can not be twice charged against the abutting property owners.

Appellant contends that Ludlow Highway having been constructed in 1890, and being now by virtue of the Act of 1890, one of the streets of the city of Ludlow, it can not now be reconstructed at the expense of the abutting property owners. This contention is based upon the decision of this court in City of Louisville v. Tyler, 111 Ky. 588, where this court held that abutting property could not be charged with the cost of reconstructing a street, although the original construction

thereof had not been made by ordinance, or at the cost of the abutting property owners.

That decision was, however, in effect, disapproved in Catlettsburg v. Self, 115 Ky. 669, and was expressly overruled in City of Louisville v. Stoll, 159 Ky. 138, wherein it was held that a street is not originally constructed until it has been constructed at the cost of the adjoining property owners; and that, until the abutting property has been once compelled to bear this burden, the street has not been "constructed" within the meaning of the statute.

It will readily be seen that this interpretation of the statute is necessary in order to do justice to all property owners within the city.

The question here raised is, therefore, certainly not an open one, since the decision of this court in City of Louisville v. Stoll, *supra*. The reason for the rule announced in the Stoll case is fortified by the fact that this highway as originally made was only 20 feet wide, while the improvement contemplated under the ordinance will make the street 40 feet wide, thus approximately doubling the cost of the highway as originally constructed.

There being nothing set forth in the petition presenting any defense to the validity of the ordinance, or to the liability of appellant's property to be assessed for the improvement, the action of the trial court in sustaining the demurrer, and dismissing the petition, was proper.

Judgment affirmed.