## McCoy v. Carran, et al.

(Decided March 1, 1918.)

### Appeal from Kenton Circuit Court.

1. Appeal and Error—"Moot Case."—A suit by an abutting property owner to enjoin a city from proceeding under an ordinance to

construct a street on which the property abuts, presents a real controversy, and the mere fact that the suit was brought at the instance of the city and the city agreed to bear the cost of the litigation, did not have the effect of making the case a moot case in which the opinion of the Court of Appeals could be disregarded.

2. Municipal Corporations—Street Improvement—Construction—Effect of Donations of Property for Street Purposes.—Under the rule that a street is not "constructed" until the abutting property owner has borne the burden, a donation of property for highway purposes by an abutting property owner's predecessor in title was in no sense the equivalent of the assessment of the cost of construction upon the abutting property so as to make the subsequent improvement of the highway reconstruction instead of original construction.

3. Municipal Corporations—Street Improvement—Power of City.— Under an act of 1890, certain municipalities were empowered to issue bonds and construct a highway connecting the municipalities, the act providing that upon the completion of the highway so much thereof as lay within each municipality should be kept by it in repair and proper condition as other streets of said city were required to be kept. The act also authorized the commissioners appointed thereunder to supervise the construction of the highway, to receive donations of land for highway purposes. Held, in an action by an abutting property owner to enjoin one of the cities from proceeding under an ordinance to improve the highway that the acceptance of land from plaintiff's predecessor in title and other landholders for right of way purposes, and the obligation imposed by the act to keep the street in repair and proper condition, did not forever deprive the city of the power conferred by its charter, of improving the street at the cost of the abutting property owners.

MYERS & HOWARD for appellant.

JOEL H. WARD fo rappellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the year 1890, the legislature passed an act (Laws 1889-90, C. 1559) authorizing the cities of Covington, West Covington and Ludlow to lay out and construct at their joint expenses, a road connecting the three cities with each other. Each city was to appoint one of the commissioners to supervise the construction of the road and each was authorized to issue and sell its bonds for that purpose to the amount of $8,000.00. It was also provided that upon the completion of the highway so

much thereof as lay within the respective municipalities should revert to them respectively and be kept by them in repair and proper condition as other streets of said city are required to be kept. The act also provided a penalty for their failure to keep the highway in repair. Pursuant to this act, a highway twenty feet in width was constructed.

In the month of May, 1916, the city of Ludlow enacted an ordinance providing for the improvement of Ludlow highway to a width of fifty feet by constructing same with a granite, bitulithic or brick surface. The ordinance directed that the cost of construction should be assessed against the owners of the abutting property as provided by section 3572, Kentucky Statutes.

R. B. Carran, an abutting property owner brought suit to enjoin the city from proceeding under the ordinance on the ground that the improvement provided by the ordinance was reconstruction and not original construction. Elizabeth McCoy, who is also the owner of a lot abutting on the highway, filed her intervening petition alleging that the proposed improvement was reconstruction, the cost of which should be borne by the city and not by the abutting property owners, and also charging that the city of Ludlow induced Carran to bring the suit for the purpose of having the ordinance declared valid without any real hearing on the merits of the controversy. Subsequently she amended her petition and alleged in substance that the commissioners appointed to supervise the construction of the highway were authorized "to receive donations of land and money for right of way and for constructing said highway"; that her ancestors and predecessors in title and others did give their property for right of way purposes and were induced to do so by section 10 of the act providing that upon the completion of the highway, that portion of it within the limits of the city of Ludlow should be kept by it in proper condition and repair in like manner as other streets and roads in said municipality. She further pleaded that it would be a violation of the act for the city of Ludlow to refuse to keep the street in repair as required by the act and again to construct the street and impose the cost thereof on the abutting property owners when it was contemplated by the act that no further cost incident to said highway should ever be borne by the abutting property owners. She concluded her amended petition with a

prayer that the city be required to maintain the highway in proper repair and condition for public travel.

A demurrer was sustained to the petition of Carran, and also to Mrs. McCoy's petition as amended, and the petitions were dismissed. Carran and Mrs. McCoy prosecuted separate appeals.

Upon Carron's motion, his appeal was docketed, advanced and submitted on January 10, 1917, and the judgment affirmed on March 9th. Carran v. City of Ludlow, 174 Ky. 529, 192 S. W. 526. By a clerical mistake, however, the opinion was treated as applying to both appeals, and an order was inadvertently entered affirming both judgments.

Subsequently Mrs. McCoy moved the court to set aside the judgment affirming as to her and to reinstate the case upon the docket. This motion was sustained, the court saying: "Although the principal question presented on this appeal was decided in the Carran case, the appellant has the right to have her case tried before it is decided."

On the appeal of Carran, it was held that as the abutting property owners had never been compelled to bear the burden of constructing the street, the improvement contemplated by the ordinance was original construction and the cost thereof could be assessed against the abutting property owners.

The mere fact that Carran's suit was brought at the instance of the city and the city agreed to bear the cost of the litigation, did not have the effect of making the case a moot case. Carran owned property abutting on the proposed improvement and would necessarily have to bear his proportion of the cost. Being thus vitally interested in the improvement, he had a right to question the validity of the city's action. He did this by seeking to enjoin the city from proceeding under the ordinance. There can be no doubt therefore that there was a real controversy between the parties, and the opinion of this court can not be disregarded on the ground that it was delivered in a moot case. I. C. J., p. 974.

The only difference between the Carran case and Mrs. McCoy's case is that it is claimed that Mrs. McCoy's ancestors and predecessors in title donated a portion of their property for the purpose of constructing the Ludlow highway. We do not regard this circumstance as material. The test is, was the abutting property ever assessed for the cost of improving the street? If it was,

the improvement was reconstruction. If not, it was original construction. The mere fact that her ancestors through whom she claims title, furnished a portion of the right of way for the highway, was in no sense the equivalent of the assessment of the cost of construction upon the abutting property.

Nor do we find any merit in the contention that because of the acceptance of land from Mrs. McCoy's ancestors or other landholders for right of way purposes and of the obligation imposed by the act of 1890 to keep the street in repair and proper condition as other streets of the city, the city was forever deprived of the power of improving the street at the cost of the abutting property owners. Its obligation to repair applied merely to the particular highway as constructed by the commissioners under the act of 1890, and continued only so long as that highway existed. The power of determining whether the old highway should be continued and repaired or a new street should be constructed, was vested in the city alone. When it elected, as it had the right to do under its charter, to construct an entirely new highway of different material, its obligation to repair the old highway then ceased, and an abutting property owner who has never been required to bear the burden of improving the highway can not complain of the exercise of this power by the city, although her predecessor in title may have donated land on which the highway was constructed in the mistaken belief that under the act of 1890, the abutting property would never be required to bear any of the expense of a subsequent improvement of the highway.

For the above reasons and the reasons set out in the case of Carran v. City of Ludlow, *supra,* we conclude that the chancellor did not err in sustaining the demurrer to appellant's petition as amended.

Judgment affirmed.