LUDLOW et al. v. CITY OF LUDLOW et al.

(Circuit Court of Appeals, Sixth Circuit. July 2, 1918.)

No. 3077.

1. COURTS ⬤⟲366(1)—FEDERAL COURTS—CONSTRUCTION OF STATE STATUTES.

The construction of a state statute by the highest court of the state must be accepted by the federal courts.

2. MUNICIPAL CORPORATIONS ⬤⟲414(2)—"ORIGINAL CONSTRUCTION"—EXPENSES.

Where a highway has been constructed by certain municipalities, and taxpayers have contributed to its cost in order to complete the improvement, the main expense having been borne through a bond issue, and not by the abutting lot owners, the construction was not an original one, under Ky. St. § 3564, so that, on the passage of an ordinance to improve such highway, the cost may be imposed as for "original construction" upon abutting landowners, instead of upon taxpayers generally, under section 3565.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Original Construction.]

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by William S. Ludlow and another against the City of Ludlow and others for injunction. From a dismissal of the petition as not stating a cause of action, plaintiffs appeal. Motion to dismiss sustained.

Myers & Howard, of Covington, Ky., for appellants.
Herbert Jackson, of Cincinnati, Ohio, for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This case concerns the validity of an assessment proposed to be levied for a street improvement, and is determinable according to a distinction existing in Kentucky between original construction and reconstruction of municipal highways. The first of these terms signifies an improvement made at the expense of the abutting property holders, and the second denotes subsequent maintenance at

the expense of the general taxpayers. Plaintiffs seek to enjoin the first method, and to enforce the second, with respect to the improvement in question. Defendants moved to dismiss the petition, for the reason that it does not state facts sufficient to constitute a cause of action. The motion was granted, and plaintiffs appeal.

The petition alleges that the highway was laid out, opened, and constructed pursuant and according to the provisions of a statute entitled "An act to provide for the construction of a public highway in Kenton county, Ky., by the cities of Covington and Ludlow and the town of West Covington, at the cost of said municipalities." Chapter 1559 of Acts of 1889–90, vol. 3, p. 817. That the statute provided that the aggregate cost of the improvement should not exceed $24,000, that the municipalities—Covington, West Covington, and Ludlow—were to provide for payment of the sums respectively required of them through the issue of bonds not to exceed the sum of $8,000; that upon completion of the highway the portions lying within the respective municipalities were to become public streets thereof and be kept in repair the same as their other streets. That the sum so provided to meet the entire cost of the improvement was insufficient; that the plaintiffs, relying upon a provision of the statute requiring the municipalities to keep their several portions of the highway in repair, "gave in materials and money" more than $8,000 toward the construction of the improvement; and that the "highway could not have been completed otherwise." That the city of Ludlow has permitted its portion of the highway to become and for a long period of time to remain out of repair, and has passed an ordinance providing for the improvement of the highway, designating the improvement as an original construction, with "brick, bitulithic, or granite at the sole cost and expense (except so much as the street car company operating thereover is required to pay) of the owners" of the lots and parcels of land abutting thereon.

[1, 2] The controlling question is whether, in view of the plaintiffs' contribution toward the cost of opening and constructing the highway, the city is entitled to provide for defraying the cost of the proposed improvement through special assessment upon the abutting property, or is bound to provide therefor through general taxation. The applicable statutes have been construed by the Court of Appeals of Kentucky, and the general rule is that the construction of a state statute by the highest court of the state must be accepted by the federal courts. Under the very statutes here involved, including the one under which this particular highway was opened and constructed, the right of the city of Ludlow to impose the special assessment in dispute has been twice sustained by the Court of Appeals. Carran v. City of Ludlow, 174 Ky. 529, 530, 192 S. W. 526; McCoy v. Carran, 179 Ky. 590, 201 S. W. 463. In the McCoy Case it was claimed that the plaintiff's "ancestors and predecessors in title donated a portion of their property for the purpose of constructing the Ludlow highway." 179 Ky. 593, 201 S. W. 464. Further, it was alleged in that case, as it is in the instant case, that the earlier Carran suit was brought "at the instance of the city and the city agreed to pay the cost of the litigation," but this was disposed of in the McCoy Case upon the ground that "there was a real

controversy between the parties" to the case. 179 Ky. 593, 201 S. W. 464. The most that can be said of the donation made by the ancestors and predecessors in title of Mrs. McCoy and the contribution made in the present case is that the former was property and the latter materials and money; but both were in principle the same and were voluntary. Under the rule of decision prevailing in Kentucky, the test at last of the city's right to provide through special assessment to pay for the proposed improvement is whether, as respects this highway, such an assessment has ever been imposed before; it manifestly has not. The rule applicable to such a case was stated and supported by Judge Cochran. His opinion is approved, and the decree affirmed. The opinion follows:

COCHRAN, District Judge. This cause is before me on defendant's motion to dismiss the bill. The plaintiffs own real estate in defendant city abutting on the Covington, West Covington, and Ludlow highway, and the relief they seek is an injunction against the improvement of the portion of the highway within the defendant city under an ordinance adopted May 11, 1916, whereby it is provided that the cost and expenses of the improvement shall be assessed against the abutting property owners, including plaintiffs. The defendant city is a city of the fourth class. By section 3564 of Kentucky Statutes, a portion of the charter of cities of the fourth class, provision is made for the original construction of any street or road in such cities at the exclusive cost of the owners of lots abutting thereon. And by section 3565 it is provided that the cost of reconstructing public ways, streets, or alleys or repairing same shall be borne exclusively by the cities.

The ground upon which the relief is sought is that such improvement is not original construction, but reconstruction. It is claimed that the original construction was had when the highway was first built under chapter 1559 of Acts of 1889–90, vol. 3, p. 817, at the joint expense of the three cities and of plaintiffs, who voluntarily contributed an equal amount with each of these cities to its building. But it is well settled by decisions of the Kentucky Court of Appeals that such building was not original construction within the meaning of section 3564, and that within its meaning there is never any original construction until there has been a construction at the expense of the abutting lot owners. This is so held in the cases of Sparks v. Barber Asphalt Paving Co., 129 Ky. 769, 112 S. W. 830, 22 L. R. A. (N. S.) 877, 130 Am. St. Rep. 419, and City of Louisville v. Stoll, 159 Ky. 138, 166 S. W. 811.

It is unnecessary to consider any other decisions of the Court of Appeals, as there is no doubt as to what is held in those cases, and they are decisive. The fact that the three cities involved were required by the act under which the highway was built to keep it in repair after it was built can make no difference. Nor can the fact that plaintiffs contributed largely to such building make any difference.

The motion to dismiss is sustained.