## Gesser, et al. v. John B. McLane & Company.

(Decided January 9, 1914.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Cities of the Fourth Class—Sewers—Assessment.—Under sub-section 9, section 3490, Kentucky Statutes, cities of the fourth class are not required where the cost of a sewer exceeds one dollar per abutting foot, to assess the cost thereof on property abutting and benefited thereby, but may assess the cost to the extent of one dollar per abutting foot on the abutting property, and pay the remainder of the cost out of the general fund.

2. Municipal Corporations—Cities of the Fourth Class—Sewers—Assessment.—One owning property abutting on a street dividing two cities cannot complain that property lying in the other city, though abutting on the sewer constructed in the city where his property lies, is not required to bear any part of the cost of the sewer.

3. Municipal Corporations—Cities of the Fourth Class—Ordinance—Publication.—Under a statute providing that ordinances shall be published at least once in some newspaper published in the city, or by hand-bills, the posting of typewritten hand-bills in eight or ten conspicuous places in the city is a sufficient compliance with the statute.

4. Municipal Corporations—Cities of the Fourth Class—Sewers—Original Improvement.—The fact that a drain existed in a street is not sufficient to show that a sewer subsequently constructed was not an original improvement in the absence of evidence showing that the drain was a sewer within the purview of the statute, and that the cost thereof had been assessed against the abutting property owners.

5. Municipal Corporations—Cities of the Fourth Class—Sewers—Lot Abutting on Two Streets—Assessment.—A lot abutting on two streets may be assessed on each of the streets, to the extent of one dollar per abutting foot, for the cost of a sewer.

HUBBARD SCHWARTZ for appellants.

BARBOUR & BASSMAN for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Bellevue is a city of the fourth class. Its board of council ordered the construction of a sewer 'along Hoffman Alley from Van Voast Avenue to O'Fallon Avenue, and in O'Fallon Avenue from Hoffman Alley to the south curb line of Fairfield Avenue. By appropriate proceedings John B. McLane and Fred B. McLane, doing business under 'the firm name of John B. McLane & Company, were employed to construct the sewer. On completion of the work by them it was accepted by the board of council 'and an ordinance was passed assessing the cost thereof on the abutting property owners to the extent of $1.00 a foot. The balance of the cost was paid by the city out of its general fund. The sewer extends north and south along O'Fallon Avenue about 720 feet. It then turns at 'right angles and runs west from O'Fallon Avenue along Hoffman Alley 207½ feet. O'Fallon Avenue is on the dividing line of the City of ,Bellevue and the City of Dayton. The property abutting on the east side of O'Fallon Avenue is in the City of Dayton, while that abutting on the west side is in the City of Bellevue. The O'Fallon Avenue sewer is laid about seven feet from the corporate line and on the Bellevue side.

Joseph Gesser owns a piece of property extending 107½ feet along the sewered 'portion of Hoffman Alley and on a portion of Van Voast Avenue, which is parallel 'with, and the first street west of O'Fallon Avenue, and along which a sewer had previously been constructed.

On the failure of the defendant Gesser to pay his proportion of the cost of the sewer in question, plaintiffs, John B. McLane & Company, brought this action to recover on the apportionment warrant issued against his property. On final hearing judgment was rendered in favor of plaintiffs, and defendant's property was ordered sold to satisfy the lien adjudged thereon. Defendant appeals.

The first point raised by the defendant is that the City of Bellevue had been divided into sewer districts, and as the cost of the sewer in question exceeded $1.00 a foot, the board of council should have assessed the cost thereof not only on the abutting property, but on all property in the sewer district benefited by the sewer, and was without 'authority to assess the cost to the extent of $1.00 a foot on the abutting property owners and pay

the remainder of the cost out of the general fund. In support of this position we are cited to sub-section 9, setcion 3490, Kentucky Statutes, which is a part of the charter of cities of the fourth class, and provides: "The board of council shall have power within the city:

"9.    To construct sewers along or under any of the streets, alleys or highways of the city, and may assess the entire cost, including the intersections, of constructing the same, to an amount not exceeding one dollar per front foot of the abutting property, upon the lots and lands abounding or abutting upon said streets, alleys or highways in, under and along which the sewers shall have been constructed; the cost of the construction of sewers not exceeding said sum of one dollar per front foot of the abutting property, shall be apportioned equally on the said abutting lot owners according to the front or abutting feet.    When the amount of the quotient, after dividing the entire cost of the construction of the sewer, as estimated and computed to the general council by the engineer by the front or abutting foot, exceeds the sum of one dollar per front or abutting foot, then, and in that event, the entire cost of construction of said sewer shall be assessed upon the lots and lands in the district of said sewer which may be benefited thereby, according to the benefits received, and the said district shall be defined before the improvement is made, and in every such case the counsel shall, by ordinance, fix and determine the amount of tax to be levied upon the several lots or lands so benefited.    The general council may, however, out of the general fund, contribute and pay toward the construction of such sewer such part of the cost thereof as may to the council seem proper.    The tax provided for in this section shall be a lien upon such abutting property or benefited property, as the case may be, and may be collected and enforced as street improvement liens are collected and enforced, but the amount of sewer tax assessed against any lot or land shall in no event exceed one dollar per front or abutting foot.    Nothing herein shall be so construed as to prevent the board of council from paying for all or any part of any sewer or sewers constructed under this act."

It is apparent from an examination of the foregoing section that that part providing that when the amount of the quotient, after dividing the entire cost of the construction of the sewer, exceeds the sum of $1.00 per front

or abutting foot, the entire cost of construction shall be assessed on the lots and lands in the district of said sewer which may be benefited thereby, is not mandatory. On the contrary it gives express authority to the general council to pay out of the general fund such part of the cost of said sewer as may to the council seem proper. The latter provision is a wise one, for doubtless it would often happen that a lateral sewer benefited no property other than that abutting on the sewer, and yet by reason of having to blast through solid rock the cost might exceed $1.00 per abutting foot. In this case the council assessed the cost to the extent of $1.00 per foot on the abutting property, and provided for the payment of the cost in excess of that sum out of the general fund. As this plan of assessment is authorized by the section in question, it follows that defendant's complaint on this score is without merit.

Another defense interposed by the defendant is that his property is not liable for the assessment, because the cost of the sewer was not assessed against all of the property abutting thereon. It appears, however, that the property abutting on the east side of O'Fallon Avenue lies in the City of Dayton. The sewer was constructed on the west, or Bellevue side. As a matter of course, the council of the City of Bellevue had no authority to levy an assessment on property located in the city of Dayton. In speaking of abutting property, the statute must be construed to mean abutting property lying within the city where the sewer is constructed. That being true, one owning property in one city along which a sewer is constructed cannot complain that property lying in another city, although abutting on the sewer, is not required to bear any part of the cost thereof.

Another contention of defendant is that the ordinance ordering the improvement was not published as required by law. The charter of fourth class cities provides:

"Immediately after the adjournment of each meeting of the board, every ordinance passed at that meeting shall be publishedd at least once in some newspaper published in the city, or by hand bills, and such publication shall be made before any ordinance is enforced; and it shall be the duty of the clerk to have such publication made and to preserve a copy thereof." Section 3487, Kentucky Statutes.

The evidence shows that upon the passage of the ordinance ordering the improvement and the other ordinances relating thereto, the clerk had type-written copies made and posted them in eight or ten conspicuous places in the city. As the statute provides for publication by hand-bills, without requiring any particular form of hand-bills, we conclude that publication by type-written hand-bills is a sufficient compliance with the statute.

Another ground of complaint is that prior to the time of the construction of the sewer in question a sewer had been constructed in Hoffman Alley, and that the sewer in question was not, therefore, an original improvement. The evidence, however, fails to show that a sewer had been previously constructed in Hoffman Alley at the expense of the abutting property owners as provided by the statute. It simply shows that there was a drain there. For aught that appears, the drain may have been constructed at the expense of the city, and was not a sewer within the purview of the statute.

Lastly it is insisted that it was an abuse of legislative authority, and a violation of section 242 of the Constitution to assess defendant's property for the cost of the sewer on Hoffman Alley, in view of the fact that his property had already been assessed for a sewer on Van Voast Avenue, on which his property fronted, and that the Hoffman Alley sewer was therefore no benefit to his property. Manifestly this defense is without merit, for it has been held that where a corner lot has been assessed $1.00 per front foot on one street for the construction of a sewer on that street, it is nevertheless liable for the construction of a sewer on the other street. Rich v. Woods, 118 Ky., 865, 82 S. W., 578. It is a hardship, of course, but it is a hardship growing out of the disadvantage of owning a corner lot.

Judgment affirmed.