438        KENTUCKY REPORTS.        [Vol. 112

Louisville Steam Forge Co. v. Mehler, &c.,
City of Louisville v. Gosnell, &c.

CASE 45—ACTION TO ENFORCE LIEN FOR STREET IMPROVEMENTS—
JUNE 22, 1901.

# Louisville Steam Forge Co. v. Mehler, &c.
## City of Louisville v. Gosnell, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. REVERSED.

STREET ASSESSMENTS—CHANGE OF STREET LEVEL—LIABILITY OF ABUT-
TING PROPERTY FOR EXTRAORDINARY IMPROVEMENT—SUBWAY CROSS-
ING—DISCRETION OF CITY COUNCIL.

Held: 1. The fact that the city may be held liable in dam-
ages as the result of the change of the street level, can not
be pleaded in bar of the contractor's claim for making the
street.
2. To the extent that the cost of the improvement was occas-
ioned by the subway crossing of the railroad, it was not
such a construction of the street, which could be charged to
the abutting property, but should be borne by the city itself.
3. While the cost of altering the grade of a street, so as to carry
the street under a railroad, can not be imposed upon abut-
ting property, yet the city council has legislative discretion
to fix the grade, and the building of the street at the grade
thus fixed can be made a charge upon the abutting property.

PINKNEY F. GREEN AND H. L. STONE, FOR APPELLANTS.

H. M. LANE, FOR APPELLEES.

(No briefs.)

[This case should have appeared in a former report, but was
not marked "to be reported," at the time, and was over-
looked. Reporter.]

Opinion of the court by JUDGE DURELLE—Reversing.

The appellee, contractors, brought this suit against appellant company for its proportionate share of the cost of constructing Hill street from Sixth to Seventh streets, in Louisville.

Various defences were interposed, and have been ably argued by counsel.

It was claimed that the work done was in violation of section 242 of the Constitution, providing that municipal and other corporations shall make just compensation for private property injured or destroyed, which shall be paid before such taking, or paid or secured at the election of such corporation or individual before such injury or destruction. The injury which it is contended resulted from the making of the street, appears to have been occasioned by a change of the street level. There is no claim for damages by reason of this fact, but the fact that the damages were not ascertained or paid before the street was made is pleaded as a bar to the contractors' right to enforce his lien for making the street. In the case of Barfield v. Gleason, this day decided, the exact question was passed upon, and it was held that the existence of such damages as a result of the change of the street level, while constituting a cause of action against the city, could not be pleaded in bar of the contractors' claim for making the improvement. The decision of the chancellor was in accordance with the court, holding that the proceedings were not void because of the fact that no steps were taken to fix the damage before the injury was done. Various other defenses made in this case, including the constitutionality of the proceeding under the 14th amendment to

440 KENTUCKY REPORTS. [Vol. 112

Louisville Steam Forge Co. v. Mehler, &c.,
City of Louisville v. Gosnell, &c.

the Constitution of the United States, are also decided by the opinion in the Barfield case.

The defense, that there was no benefit to the appellants' property from the improvement was also decided adversely to its contention by the chancellor. The evidence, in connection with the presumption of benefit arising from the legislative determination, seems to us to justify his conclusion.

We concur also with the chancellor's conclusion as to the propriety of the apportionment of the cost of the improvement. The ordinance provided the depth upon either side of Hill street to which the tax district should extend, upon the theory that the contiguous territory was not bounded by principal streets. Under the evidence it appeared that the territory was so bounded, and that provision of the ordinance is invalid as in conflict with the determination by the statutes as to what property should be considered benefited by the improvements, and that in such case the cost should be borne by the property in the quarter squares contiguous to the improvement.

The ordinance, however, so far as it determined that the improvement should be made, was valid, and the apportionment actually made was against the property which ought to have been subjected, and in proper proportion; the only error being in the amount of the cost which was apportioned. Beck v. Obst, 12 Bush, 269. It appears that the territory contiguous to the improvement was naturally of a level surface, with only enough inclination to provide surface drainage. The right of way of the Louisville & Nashville Railroad Company crosses the street between the points designated for the improvement. The work consisted in part of transforming the street at that point into

a subway under a bridge, about fifteen feet deeper than
the surrounding level, with an incline in the approaches
to the subway of about 3 per cent. The incline upon either
side of the subway extended for a distance of some 500
feet. This was done in pursuance of a contract between
the city and the Louisville & Nashville Railroad Com-
pany, by which it was agreed that the street should be
constructed under the company's tracks, and never upon
or over them, with a provision that the pedestals, blocks,
and posts to support the company's bridge for its tracks
should not be considered an obstruction of the street, or
be interfered with, and with a reservation to the company
of the right to renew, improve, or add to such supports,
or construct others, and to construct additional tracks.
This was an eminently proper procedure, and provided
for a structure, some equivalent of which should exist at
all crossings of streets by railroads where possible. But
this contract does not, in our opinion, provide for street
construction, within the meaning of the charter of cities
of the first class. The street construction which by that
statute is authorized to be done at the cost of abutting
owners does not include the work rendered necessary by
such construction. Though in one sense it may truly be
said to be the fixing of the street level and the construc-
tion of the street, it was nevertheless not within the pur-
view of this statute, which had in view the ordinary and
usual construction of streets, for the ordinary and usual
uses thereof. And while, within proper limits, railroads
may be permitted to occupy and use city streets, and such
streets while so occupied may be improved by original
construction at the expense of the contiguous property,
it was not intended that the cost occasioned by a peculiar

and unusual construction of a street, made necessary for the uses of a railroad, no matter how proper and necessary such construction might be, should be so imposed. It was undoubtedly proper and commendable for the city, so far as this record shows, to provide for such crossing, but it was not proper to impose the burden on the abutting property, because such imposition was not within the purview of the statute. That burden should have been borne by the city itself. To the extent that the cost of the improvement was occasioned by the subway crossing of the railroad, we are of opinion it was not construction of the street which could be charged against abutting property, and the statute did not impose that burden by reason of the ordinance determining that the improvement should be made.

The city also has taken an appeal from the judgment against it for 10 per cent. of the face of the warrants, as increased cost of the work by reason of the five-year guaranty. The judgment was rendered in supposed compliance with the decision in Gosnell v. City of Louisville 104 Ky., 201 (20 R., 522) (46 S. W., 722). The guaranty clause in the contract here considered, however, was, in substance, the same as that considered in City of Louisville v. Mehler (22 R., 62) (56 S. W., 712), and imposed no liability upon the city for that proportion of the cost.

The judgment is therefore reversed upon both appeals, with directions upon the return of the case to ascertain what proportion of the cost of construction was occasioned by making the street a subway, with which the property of the appellant company should not be charged, and for such further proceedings, including further preparation,

if necessary, as may be necessary to enable the court to do justice between the parties in accordance with the principles of this opinion.

Judge Guffy dissents.

Response by Judge DuRelle to petition of appellant for rehearing:

With great force and earnestness, counsel for appellant, by petition for rehearing, contends that the principle on which this case was decided is that a subway under a railroad crossing is not a street, within the meaning of the statute creating a lien on the property in contiguous squares; that the record shows the exact point at which the street grade is changed, and the grade of the subway begins; and that, though the change of grade for some distance along the subway does no material damage to the abutting property and its owners' rights of ingress and egress to and from the public way, that fact does not make this part of the subway a street, or authorize the imposition of its cost as a burden on the abutting property. From this it is contended that the mandate should direct that the abutting property should be relieved of the entire cost of construction of the way from the point where the grade changes on one side of the railroad to the point of change on the other side. In addition, it may be urged, upon the same line, that while for a distance of upwards of 100 feet from each end of the subway grade the lowering of the grade of the way is not only not injurious, but may be considered beneficial, to the abutting property, there is a point at which it becomes in fact no street for the uses of abutting owners as a means of access to their property, and is only usable by them, in common

with the public at large, as affording a passage-way from one portion of the city to another. In this view it is not only not a street furnishing a means of access to their property, but effectively prevents their ever obtaining such a street. It must be confessed there is much force in this argument. But the majority of the court are of opinion that, though the way has been made a subway, it is still a street; that the alteration of the grade not being for street purposes, the cost of such alteration can not be imposed upon the abutting property; but that the council had legislative discretion to fix the grade, and the building of the street at the grade thus fixed can be made a charge upon the abutting property. The petition is overruled.