CASE 115—ACTION BY ELLSWORTH WOODS, &C., AGAINST RENA RICH TO·
ENFORCE AN APPORTIONMENT WARRANT FOR SEWER.—OCTOBER 26.

# Rich v. Woods.

APPEAL FROM KENTON CIRCUIT COURT—W. McD. SHAW, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—LIABILITY OF COR-
NER LOT—GRADE OF SEWER—FIXING BY CITY ENGINEER.

1. Ky. St. 1903, sec. 3105, provides that in cities of the second
class the general council shall have power to construct sewers
and may assess the cost to an amount not exceeding one dollar
per front foot of the abutting property on lots and lands abut-
ting on the street. HELD, that where a corner lot had been as-
sessed one dollar per front foot on one of the streets for the con-
struction of a sewer along that street it was nevertheless liable
for an assessment for the construction of a sewer along the other
street.
2. The fact that an ordinance providing for the construction of a
sewer directed the city engineer to fix the grade of the sewer
did not amount to a delegation by the council of its functions.

ROBERT C. SIMMONS, ATTORNEY FOR APPELLANT.

1. Can the city of Covington require any property owner to
pay more than $1.00 per foot toward sewer construction, abutting
any single lot?
2. Appellant, as is admitted can not use this sewer; the assess-
ment of any part of its cost against her property is therefore
spoliation.

## AUTHORITIES CITED.

1. As to construction of sec, 3105, Kentucky Statutes. Neff v.
Covington Stone and Sand Co., 108 Ky., 457; 25 Am. & Eng.
Ency. of Law, (2d Ed.), 1196; Dressman v. Simonin, 105 Ky.,
694.
2. As to spoliation and abuse of discretion by the city coun-
cil. Preston v. Rudd, 84 Ky., 56; Preston v. Roberts, 12 Bush,

570; Baptist Church v. McAtee, 8 Bush, 517; Barfield v. Gleason, 111 Ky., 491; Richardson v. Mehler, 111 Ky., 408; Hyde v. Joyes, 4 Bush, 462.

F. J. HANLEN, ATTORNEY FOR APPELLEE.

1. The property of the appellant Rich, fronts and abuts on two streets—that is, it is a corner lot, and the assessment made against it for sewer purposes does not exceed $1.00 per front or abutting foot. Ky. Statutes, sec. 3105; City of Covington v. Worthington, 88 Ky., 206.

2. The general council is the judge of the necessity for the construction of a sewer. Preston v. Rudd, 7 Rep., 809; Allen v. Woods, 20 Rep., 60; Nevin v. Roach, &c., 86 Ky., 493; Purty v. Drake, 17 Rep., 819.

3. There was no abuse of discretion or undue delegation of power to the city engineer other than what is warranted by law. Richardson v. Mehler, 23 Rep., 920; City of Covington v. Boyle, 6 Bush, 204.

4. Appellant is estopped by her conduct from questioning the assessment.

(a) She made no objection to its construction.

(b) No protest was sent to the city council.

(c) She stood by and saw the contract made, and the work done without protest. Barber Asphalt Co. v. Garr, 24 Rep., 2235.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant owned a lot fronting on Pike street, and extending through to Eleventh street, in the city of Covington. Heretofore her lot had been assessed $1 per front foot on Eleventh street for the construction of a sewer along that street. Recently the city, by ordinance regularly passed, provided for the further improvement of Pike street by the construction of a sewer along that thoroughfare at the expense of the owners of adjoining lots, but not to cost more than $1 per front foot of the property adjoining the way so improved. The work has been done in accordance with the ordinance and contract, and this suit is by the contractor to enforce his lien against appellant's property for the sum apportioned against it.

Appellant contends that under the statute the maximum amount for which her lot is liable for assessment for sewer purposes is $1 per front foot in the aggregate; that when this sum is reached the lot can never again be subjected to the expense of further aiding in the building of sewers on the particular street or any street upon which it may abut. The statute under which the city gets its authority in this case is section 3105, Kentucky Statutes, 1903, containing this language: "The general council shall have power to construct sewers along or under any of the streets, alleys, or highways of the city, and may assess the entire cost, including intersections, of constructing the same to an amount not exceeding $1.00 per front foot of the abutting property upon the lots and lands abounding or abutting upon said streets," etc. In view of the fact that many lots do abut on two or more streets, and are enhanced in utility, and consequently in value, by the multiplied public improvements accessible to them, it could scarcely have been contemplated by the Legislature that for some of these the adjoining lots should bear the expense of construction, but for others of precisely the same nature, they should not. The scheme adopted for the original construction, and in many instances for the reconstruction, of all public ways in the cities of various classes in this Commonwealth is exactly contrary to appellant's theory in this case. Whether the improvement be the carriageway, sidewalk, or sewer—all of the same general public benefit, but particularly valuable to the real property immediately adjacent thereto—the plan is to have it done by the public authority at the expense of the adjoining or adjacent lands. To avoid spoliation, it is provided that, if the cost exceeds a certain amount or proportion of value, it shall be borne in whole or in part by the municipality. A lot fronting on two streets has more ad-

vantages, and consequently more value, than if it fronted on one only. As equality of public burdens is a cardinal consideration in their imposition, it must follow that the lot that gets twice as much advantage from a public improvement as another must pay twice as much of the cost of the improvement as the latter. The basis of advantage is necessarily more or less arbitrarily fixed, yet approximate equality, at least, is attained by the adoption of either the front-foot theory or that of the square feet of a given area. Public sewers are as much necessities in cities as are public streets and sidewalks. It is not supposed that a given lot is the sole beneficiary of a street improvement made fronting it. Indeed, it may in fact derive actual benefit of but a small share, comparatively, of the value of the improvement. Nevertheless it is deemed, and now generally accepted, that such improvements do enhance the value and add to the enjoyment not only of all the abutting lots, but 'to the whole neighborhood, thereby reflecting an additional value upon all property brought into more general use and demand by its presence. Perchance an owner may not want to improve his lot—may prefer, for example, to raise potatoes upon it—for which improved roadways, sidewalks, and sewers would be utterly useless. But he could not be allowed to stand athwart the well-being of the community, however he may want to use his property. The proximity of neighbors devolves the obligations of neighborship as found in the law of municipalities. He must bear in part the burdens necessary for the welfare of the whole, every other person similarly situated bearing proportionable shares. If his lot, then, fronts on two or more streets, each of which must needs be improved as a whole, or for a considerable distance passing his property, he must contribute ratably with his neighbors in doing the work, although as a matter of fact some part

Rich v. Woods.

of the work can not be shown to be of actual and direct benefit to his abutting property. While all taxation must be for public purposes, and is bottomed upon the idea that it is used for the advancement of the public good, it is never required that, before a tax can be valid against a particular taxpayer, it must be shown that he derives personal benefit from it. Constructing sewers and like public improvements in a city at the expense of adjoining lot owners is a species of taxation. The validity of the tax imposed is to be tested not by individual benefits to specific taxpayers or their property, but by the general purpose of the law under which it is imposed, and the relative ratio of tax exacted to the value of the property upon which it is levied. The general scheme of such public improvements in municipalities gives a clear meaning to the words of the statute quoted above—which is, that each lot fronting on public streets or alleys may be charged with a share of the cost of building sewers along any street fronting it, but providing that no sewer shall impose a cost of more than $1 per front foot to each abutting lot. The lot is liable, under the same limitation, to as many similar charges as it has frontages upon streets or alleys of the city. The public necessity (and it is solely a question of public, not individual, necessity) is left to the discretion of the municipal legislative body. The benefit to all the property along the street so ordered to be improved, as well as the public necessity, is conclusively deemed to exist when the municipality, in the manner allowed by statute, has ordained the work to be done. That appellant's lot is unimproved, or of such grade as that at present the sewer is of no use to it, are matters wholly aside. The sewer is not only available to this lot when improved, thereby bringing it a new value for that reason, but the health and welfare of the whole city, particularly of that neighborhood,

are by reason of it brought up to a higher grade, from which the lot in question will derive an additional value.

The ordinance providing for the improvement directed the city engineer to fix the grade of the sewer. That is not a delegation by the council of its functions. The fixing of the grade of a sewer is more executive than legislative, and may well, and doubtless in most cases should be, left to the engineering department. Bids were received upon the work after the grade was so fixed, and in conformity therewith. This was not irregular.

Judgment affirmed.