CASE 58.—ACTION BY THOMAS GUILFOYLE'S EXECUTOR. AGAINST THE CITY OF MAYSVILLE, HEARD ON MOTION TO DISSOLVE AN INJUNCTION.—Sept. 29.

# Guilfoyle's Exr. v. City of Maysville

Heard by the Appellate Court on motion to dissolve an injunction—Motion sustained.

1. Municipal Corporations—Street Improvements—"Original Construction."—Until property once bears specifically the cost of building a pavement abutting it done on the order of the council of the city, or by the city's express permission, indicated by act of its legislative body, there has not been an original construction of such improvement within a statute allowing the city to order the original construction of such improvement at the cost of the abutting owners.

2. Same.—The time and manner for improving a city's streets are matters exclusively for the legislative department of the city, and until that body acts, the city has not acted; and the fact that the abutting owners constructed a sidewalk does not prevent a city from ordering the construction of a sidewalk under a statute allowing it to order the original

Guilfoyle's Exr. v. City of Maysville.

construction of a street improvement at the cost of the abutting owners, though it had knowledge that the owners were making the improvement.

3. Estoppel—Equitable Estoppel—Estoppel Against the Public.— Generally the public is not estopped by the mere nonaction of the public officials.

4. Same—"Municipal Indebtedness."—An indebtedness created by bonds for a street improvement as authorized by statute, allowing a city to order the original construction of a city improvement at the cost of abutting owners, and to issue 10-year bonds against the property not paying in cash, is not a municipal indebtedness within the Constitution, limiting municipal indebtedness.

5. Constitutional Law—Due Process of Law—Street Improvements.—A city order for the original construction of a city improvement at the cost of abutting owners is not invalid as depriving such owners of their property without due process of law, where they have notice by publication of the ordinance for the improvement, as required by the statute.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Sustaining motion.

The city of Maysville proposing to improve certain of its streets at the exclusive cost of the abutting lot owners under the provision of the act of March 24, 1908, passed an ordinance requiring the construction of cement sidewalks along Bridge street and abutting plaintiff's property. Many years ago a pavement of brick, with stone curbing, had been built along and in front of plaintiff's property, which it is alleged is yet "in a fairly serviceable condition." The act of 1908 allows the city to order the original construction of such improvements at the exclusive cost of the abutting owners, and to issue 10-year bonds against the property which does not pay in cash, as its owner may do. The ordinance appears to have been regularly adopted in this instance, so as to bring the provisions of the statute into play, if the statute is con-

stitutional, and if the work is original construction within the meaning of the statute. Plaintiff filed this suit to obtain an injunction against the city, restraining it and its contractors from undertaking the work under this statute, mainly on the ground that the work was not original construction. The injunction was granted by the circuit judge. This is a motion before the undersigned judge of the court of appeals to dissolve the injunction. I have taken the matter before all the judges in consultation, except Judge Barker, who was absent. The following is the conclusion at which we arrived: Until property once bears specifically the cost of building a pavement abutting it, done upon the order of the city council, or done by its express permission, indicated by order or resolution of its legislative body, there has not been an original construction of such improvement. The time when and the manner in which the city's highways shall be improved are matters peculiarly and exclusively within the discretion of the city's legislative department. Until that body acts in the matter, the city has not acted. It frequently happens that citizens owning property upon remote or sparsely settled streets for their own convenience and in advance of any action by the city council put down pavements, which may be durable and serviceable. The lot owner selects, however, his own material, grade, and place of doing the work. If he could thus exhaust the power of the city to order the work done under the statute, he could deprive the municipality of its lawful discretion in those matters, substituting his own therefor, working an inharmonious system, without uniformity; for what one could do others could do in the same or different ways. Nor is a city bound by mere knowledge that the property owners

are taking such steps. Generally the public is not estopped by the mere nonaction of the public officials. There should be some positive, overt official act of the legislative body in a matter within the legislative discretion before it will be said to have acted on the matter. The record here does not disclose when or at whose cost or instance plaintiff's sidewalk was built. There is no material difference between the roadway and the pavements of a street as respects the city's power and duty to construct and keep same in repair for proper use of the public, nor is there a perceptible ground for distinction in the application of the power over each part of the highway or street by the town council in ordering its improvement.

In Helm v. Figg, 89 S. W. 301, 28 Ky. Law Rep. 396, Catlettsburg v. Self, 115 Ky. 669, 25 Ky. Law Rep. 161, 74 S. W. 1064, McHenry v. Selvage, 99 Ky. 232, 35 S. W. 645, 18 Ky. Law Rep. 473, and Wymond v. Barber Asphalt Pav. Co., 77 S. W. 203, 25 Ky. Law Rep. 1135, the court of appeals has held that construction by the owner without the direction of the city council, or construction by the city out of its general revenues, or a road already macadamized before it was taken into the city limits, did not prevent the city's ordering a radically different construction, of a permanent nature, of the same highway at the sole expense of the abutting lot owners, under the power to so require as for the original construction of such highway. The case of Mackin v. Wilson, 45 S. W. 663, 20 Ky. Law Rep. 218, seems to be in conflict with the foregoing authorities and principles. In the latter case a distinction was made between the construction of a pavement and of other parts of the street. We find ourselves unable to adhere to that doctrine, and

that case must not be regarded as authority on that point.

The indebtedness created by the issuing of the bonds is not a municipal indebtedness within the meaning of the Constitution limiting municipal indebtedness. The liability is solely against the property. Self v. Catlettsburg, supra. Nor is a lot owner being deprived of his property without due process of law. He has notice by the publication of the ordinance required by the statute. C. & O. Ry. Co. v. Mullins, 94 Ky. 357, 15 Ky. Law Rep. 139, 22 S. W. 558.

The order granting the injunction is therefore dissolved.