CASE 71.—ACTION BY HESTER & SONS AGAINST EVELYN
BAKER DODD.—February 10, 1910.

## Dodd v. Hecter & Sons

Appeal from Kenton Circuit Court.

F. M. TRACY, Circuit Judge.

Judgment for plaintiffs, defendant appeals.—Affirmed.

1. Municipal Corporations—Public Improvements—Authority to
Order.—Under Ky. St., sec. 3094, which gives the exclusive
control of streets, alleys, walks and ways of cities of the second
class to the general council, any street improvement, of
whatever kind, that is desired, must be ordered by this body
before it may be legally done.

2. Municipal Corporations—Street Improvements—Assessments
—Ordinances.—Ky. St. sec. 3096, provides that the council
may by ordinance provide for the construction or reconstruction
of streets, and directs how the cost shall be paid, and
when a portion of the cost is to be borne both by the city and
the property owners it directs what proportion is to be paid
by each, which is to be assessed as the cost of the construction
of streets, with a lien upon the abutting property
to satisfy the assessment. Held that, since the council can
only speak through an ordinance, the direction that the cost
shall be assessed as the cost of construction means that
when the cost is determined the general council shall by
ordinance assess the cost against the abutting property, and
in providing that the cost of reconstructing sidewalks shall
be assessed as in the construction of streets, it means that
an ordinance shall be passed assessing the cost, just as an
ordinance is required assessing the cost for other street improvements.

3. Municipal Corporations—Street Improvements—Ordinance—
Validity.—Under Ky. St. sec. 3100, providing that no ordinance
for any original street improvement shall pass both boards
of the general council at the same meeting, and at least two

weeks shall elapse between the passage of any such ordinance from one board to another, applies only to ordinances directing original construction; and hence an ordinance directing the reconstruction of a sidewalk, passed by the board of council and the board of aldermen and approved by the mayor within three days, was valid.

ROBERT C. SIMMONS for appellant.

ORIE S. WARE for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This appeal raises the question as to whether or not an ordinance ordering the reconstruction of a sidewalk in a city of the second class must lie over two weeks between its passage by the board of council and the board of aldermen, under the provisions of section 3100 Ky. St. (Russell's St. Sec. 1211), The petition alleges that the board of council, on March 2, 1908, passed an ordinance directing the reconstruction of the sidewalk on Sixteenth street between certain points, and that on March 5th, or only three days thereafter, this same ordinance was passed by the board of aldermen and approved by the mayor. A demurrer was filed to this petition and overruled. Thereupon the defendant answered, setting forth, in substance, that the ordinance directing the reconstruction of this sidewalk was not passed as required by the statute, in that two weeks did not elapse between the dates of its passage by the respective boards, and the same allegations are made to apply to the ordinance assessing the cost. In an amended answer, defendant pleaded that a sidewalk of brick had theretofore existed for a long period, and that the new sidewalk was different in plan, material, and width, though it is not alleged, for the reason, pre-

sumably, that it could not be, that it was original construction. A demurrer was filed to the answer as amended, and, this being sustained, the defendant declined to plead further, and a judgment was entered directing a sale of the property to satisfy the cost of the improvement.

Under section 3094, the entire management and control of the streets, alleys, walks, and ways of the city is lodged with the board of council and the board of aldermen. Any improvement, of whatever kind or nature, that is desired, must be ordered and directed by this body before it may legally be done. The procedure is regulated wholly by the provisions of the Kentucky Statutes, as found in sections 3094 to 3100, inclusive. It will be noted that the general council is given exclusive control and supervision over the sidewalks, etc., with the right to repave or reconstruct or otherwise improve same. Section 3096 directs how the cost of original construction, reconstruction, or other improvements shall be paid, and when a portion of the said cost is to be borne by the city and a portion by the property owners it specifically directs what proportion thereof shall be paid by each. Following this provision, there is an explicit direction that the cost shall be assessed as the cost of the construction of streets, with a lien upon the abutting property to satisfy the assessment. As council can only speak through an ordinance, the direction that the cost shall be assessed as the cost of construction of streets means that, when the cost is determined, the general council shall pass an ordinance assessing the cost against the abutting property. Section 3100 provides that, in the event mistakes shall be made in the ordinance fixing the cost, same may be corrected, that no injustice may be

done; and when section 3096 provides that the cost of reconstructing sidewalks shall be levied and assessed as in the construction of streets, it merely means that an ordinance shall be passed levying and assessing the cost, just as an ordinance is required levying and assessing the cost for other improvements in the streets and ways of the city. It is only in cases of original construction that the Legislature has seen fit to require. that a period of two weeks shall elapse between the passage of an ordinance by one body before it may be legally passed by the other. Of course, the Legislature, in the exercise of its discretion, might have directed that all public improvements in the streets or ways or walks of the city should be so passed; but, not having seen fit to do so, the council was under no duty to appellant to permit this lapse of time between the passage of the ordinance in question by its respective boards any more than it would have been required to pass an ordinance calling for the original construction of the streets or ways not to be made with brick, granite, asphalt, concrete, or other improved material or paving, by a two-thirds vote. In all cases, where not controlled by statutory provisions, the council is left free to proceed in the usual and customary way. So, likewise, where provision is made that these two weeks shall elapse between the passage of the ordinance by the respective boards which calls for original construction, only those ordinances dealing with the subject of original construction need be made to conform to the requirement of the statute.

It is common knowledge that in original construction there are many items of expense which do not have to be reckoned with in reconstruction. The Legislature evidently had this in mind, and, therefore,

directed that the two weeks elapsed between the passage of an ordinance directing original construction by the respective boards, in order that those interested might have an opportunity to appear before the board and be heard. If this was not the purpose, we can see no good reason for requiring this lapse of time. But, whatever the purpose was, the legislative will is clearly expressed upon this point, and, in the absence of this prohibition, the respective boards composing the general council could pass ordinances with any degree of rapidity which their sense of propriety and fairness would permit. It is only the ordinance directing original construction that is required to be passed by the respective boards with this lapse of time. The ordinance fixing the assessment in cases of original construction does not have to be so passed, and when section 3096 directs that the cost of constructing or reconstructing sidewalks shall be levied and assessed as the cost of the construction of streets, it does not refer to the improvement ordinance, but merely to the assessing ordinance; and, it not being contended here that the improvement in question is original construction, we are of opinion that the court did not err in holding the ordinance in question valid.

Judgment affirmed.