### Katterjohn, Mayor, et al. v. King, et al.

### Wheeler, et al. v. Katterjohn, Mayor, et al.

(Decided February 15, 1924.)

### Appeals from McCracken Circuit Court.

1. Municipal Corporations—Resolutions Held to Sufficiently Show Necessity for Sewers.—Under Ky. Stats., section 3105, resolutions expressly declaring a necessity for the construction of sewers within a definitely and accurately described zone were sufficient; the determination of that question by the city council or city commissioners being final.

2. Municipal Corporations—Resolutions Held to Provide for Assessments in Sewer Zone.—Resolutions in proceedings under Ky. Stats., section 3105, for construction of sewer in city of second class, were not defective for providing that, if the construction cost in the zone does not exceed $2.00 per abutting foot, it shall be assessed against the abutting property, and if the cost does exceed that amount it shall be assessed by the square foot on all the property in the zone.

3. Municipal Corporations—Benefited Property May be Assessed According to Square Foot.—A second-class city, proceeding under Ky. Stats., section 3105, in assessing property benefited by construction of sewer in a zone where the cost exceeds $2.00 a foot on abutting property, may assess according to the square foot.

4. Municipal Corporations—Resolutions as to Assessments Insufficient in Not Naming Streets.—Resolutions under Ky. Stats., section 3105, for construction of sewers, providing that if cost does not exceed $2.00 per abutting foot it shall be assessed by the

square foot on all property in the zone, were fatally defective, where they did not name the streets and portions thereof on which the sewers were to be constructed, though they declared that all of the property in each zone would be benefited by the proposed sewer, being insufficient to furnish information as to where the cost would fall, if less than $2.00 an abutting foot, though the resolution referred to a map filed therewith, and also on file with the commissioner of public works.

5.   Municipal Corporations—Second-class City May Divide Sewer District Into Zones.—Under Ky. Stats., section 3105, city commissioners or council of a second-class city have power to enact ordinances dividing a sewer district into zones for purposes of assessment.

WHEELER & HUGHES for appellants.

ROSCOE REED and A. E. BOYD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming upon the first appeal and dismissing the second.

These appeals from different parts of a single judgment were prosecuted on the same record, and heard together. The judgment enjoins the mayor and city commissioners of Paducah from advertising for bids or letting contracts for the construction of branch line sewers in sewer zones one, two, three, four, and five in sewer district No. 3 of the city.

The authority and procedure for the construction of sewers in cities of the second class, as is Paducah, are found in section 3105, Kentucky Statutes, which reads in part:

"The general council or board of commissioners shall have power to construct sewers along or under any of the streets, alleys, or highways of the city, and may assess the entire cost thereof, including intersections, upon the lots and lands in the neighborhood of said sewers which may be benefited thereby, according to the benefits received, and may levy a special local tax on such lots and lands for the cost of such improvements so assessed thereon, which tax shall be due and payable at the office of the city treasurer upon completion of the work and acceptance thereof by the general council or board of commissioners, and no property shall be exempt from such improvement tax. In every case the general

council or board of commissioners shall, by ordinance or resolution, fix and determine what lots and lands are benefited thereby, and fix and determine the amount of tax to be levied upon the several lots or lands so benefited: Provided, that where the cost of a sewer does not exceed the sum of two dollars ($2.00) per abutting foot of the property bounding or abutting upon the streets, alleys or highways in, under or along which such sewers may be constructed, then such bounding or abutting property shall be deemed the property benefited thereby, and said cost shall be apportioned and assessed equally on such abutting lots or lands according to the feet abutting. No ordinance for the construction of a sewer at the cost of the abutting or benefited property owners, shall be passed until a resolution declaring such construction a necessity and setting out in general terms the property subject to the payment of the cost of same, shall have passed by a two-thirds vote of the members elect of each board of general council, or the board of commissioners, and its determination as to the necessity of any such sewer shall be final. All property benefited by such improvement belonging to the city shall be considered and assessed as the property of individuals and the assessment thereon shall be paid by the city out of the general fund of the city."

It is admitted the city commissioners regularly passed resolutions and ordinances dividing sewer district No. 3 into five sewer zones and providing for the construction of sewers in each zone at the cost of the property located therein, but it is insisted by the taxpayer plaintiffs that these resolutions and ordinances are invalid and unenforceable as attempted, for several reasons.

We will first dispose of the reasons assigned by the chancellor for granting the injunction. They are: (a) That the resolutions do not sufficiently state or show a necessity for the construction of sewers in the several zones, or adequately describe the property subject to assessment, or properly provide for the assessments of the property benefited, and (b) that there is no authority for the division of the sewer district into zones, and the ordinances attempting so to do are void.

Each of the resolutions expressly declares a necessity for the construction of sewers within a definitely and accurately described zone, and this is all that is required by the statute, which provides in express terms that the determination of that question by the city council or city commissioners is final. Mulligan v. McGregor, 165 Ky. 222, 176 S. W. 1129; City of Newport v. Klatch, 189 Ky. 300, 224 S. W. 844.

Nor do the resolutions fail to provide for the assessments of property benefited by the proposed improvements. They provide that if the construction cost does not exceed $2.00 per abutting foot it shall be assessed against the abutting property, and this is in accordance with the mandatory provisions of the statute. And it is further provided that if the cost does exceed that amount it shall be assessed by the square foot on all the property in the zone. While this latter method is not expressly approved in the statute, it is plainly allowable thereby, since the method of assessment where the cost exceeds $2.00 an abutting foot is left to the discretion of the city council or commissioners.

The plan of assessing benefited property according to the square foot where the cost exceeds $2.00 a foot on abutting property is not only fair and equitable in our judgment, but has been approved by this court. Rich v. Wood, 118 Ky. 865, 82 S. W. 578.

But, as said in Mulligan v. McGregor, *supra,* the resolutions must describe "with reasonable certainty the property subject to the payment of its cost," or name "the streets on which the sewer would be built," and "the resolution itself must furnish such information as would give property owners reasonable notice of the property that might be subjected to the cost. The property owner has a right to look for information to the resolution and is not required to examine other papers or records or make independent inquiry to ascertain whether his property will be affected."

The resolutions here do not name the streets upon which the sewers will be constructed. Nor do they even on the maps referred to therein indicate certainly where the sewers will be constructed. And while they declare that all of the property in each zone will be benefited by the proposed sewers, it is quite impossible to ascertain from the resolutions where the costs will fall if, as

may be the case, it does not exceed $2.00 an abutting foot, since the streets upon which the sewers are to be constructed are not named therein.

If the streets upon which the sewers were to be constructed had been named in the resolutions, it would have been possible for every property owner in each zone to have ascertained from the resolutions whether or not his property would have to bear its proportion of the cost, subject only to such uncertainty as the statute itself imposes by the requirement that the cost if less than $2.00 an abutting foot must be borne by the abutting property. As it could not be known when the resolutions were necessarily adopted whether the expense would exceed or fall below this sum, the resolutions could not be so drawn as to obviate the uncertainty imposed by the statute. Manifestly the statute does not require of the resolution greater certainty than is attainable under its own provisions.

We are therefore of the opinion that if the resolutions had named the streets and portions thereof upon which the sewers were to be constructed, they would have been sufficient in every respect. But as they do not do this, or name the property against which the cost would be assessed if less than $2.00 an abutting foot, they do not furnish information as to where the cost will fall if less than $2.00 an abutting foot, as may be the case, and for this reason they are fatally defective. The fact that they do furnish this information if the cost is in excess of $2.00 a foot on abutting property, is not sufficient, since this plan of assessment may not be the one required by the statute.

It is earnestly insisted by counsel for the defendants that as the resolutions refer to a map filed therewith and also on file with the commissioner of public works, upon which the location of sewers is indicated, this is a sufficient compliance with the requirements of the statute. We think not. Under the Mulligan case, *supra,* the resolution itself must furnish the required information, and this construction of the statute was reaffirmed in the City of Newport v. Klatch, *supra.*

Besides, even the locations indicated on the map are by the terms of the resolutions subject to change. It is therefore patent that if the cost does not exceed $2.00 a foot on abutting property, as the resolutions in-

dicate may be the case, the resolutions do not indicate definitely or at all where the costs will fall.

To uphold such resolutions would, as pointed out in the Mulligan case, *supra,* defeat the very purpose of their adoption, and the chancellor did not err in holding them invalid for such failure.

We are equally clear, however, that the chancellor erred in holding that the city commissioners or council have no power to enact ordinances dividing a sewer district into zones, as was done here. There is nothing in the statute prohibiting it, and in our judgment the general plan adopted is not only permissible but in every way fair and equitable to all property owners, where the cost exceeds $2.00 a foot on abutting property.

The statute clearly contemplates that where the cost exceeds such amount, all property benefited, whether abutting or not, shall bear a portion of the cost. Having determined the necessity for sewers and that the cost may exceed $2.00 a foot on property abutting thereon, it became necessary under the statute for the commissioners, in the resolution declaring such necessity and locating the sewers to be constructed, to indicate with reasonable certainty the property to be benefited thereby and to share in the cost of construction. We know of no better way than to create and describe a zone including the nearby property to be served and benefited by the proposed sewers, and we find no statutory or other barrier in the way of so doing.

But as the resolutions were fatally defective, as pointed out above, in failing definitely to locate the sewers to be constructed in each zone, the chancellor did not err in enjoining defendants from proceeding further thereunder.

Many other objections to the resolutions, and ordinances enacted thereunder, were urged below and are argued here, but as the judgment must be affirmed for the reason indicated, we do not deem it necessary to refer to the other questions raised by defendant's appeal further than to say that in our judgment the chancellor correctly decided every question raised upon the original petition except as herein indicated.

The second of these appeals is prosecuted by Mrs. Mamie K. Wheeler from so much of the judgment as sustained a demurrer to and dismissed her intervening

petition. Alleging her ownership of property in zones 3 and 4 as described in the resolutions, she attacked the validity of the resolutions proposing the construction of sewers in those zones, only in so far as they included her property and rendered it liable for assessments, upon the ground that her property would not be benefited and the assessments would be confiscatory.

Obviously the affirmance of the judgment declaring the resolutions void and enjoining the construction of sewers in each of these zones, renders moot the questions raised by her appeal, and it is dismissed.