## Hicks et ux. v. City of Ashland et al.

(Decided Jan. 17, 1933.)

398

SAM SPARKS and ADAMSON & SPARKS for appellants.

JOHN T. DIEDERICH, HAGER, PRICHARD & MALIN and WILSON & ROBINSON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Ashland, Ky., is a city of the second class. Its general council by ordinance provided and entered into a contract with Hunt-Forbes Construction Company for the construction of a portion of Thirteenth street abutting the property of Taylor Hicks and Sarah Hicks. After the street was constructed, the general council by an ordinance apportioned the cost at $7.43 plus per foot, or $944.70 for one of their lots and $598.06 for another. The validity of the ordinance, the manner of making of the contract for the improvement, and the proceedings of the general council concerning the street improvement, are not questioned. When making the apportionment and arriving at the cost per foot, the city included the cost of constructing a retaining wall, $2,950.10 for services of an engineer on the entire project, $1,847 for inspection of the work, $325 for abstracting, and the cost of constructing and repairing 1,000 feet of sewer. The amounts included for the costs of the abstracting, inspection, and engineering are not disputed. The aggregate amount of the cost of the sewer is disputed.

This action was instituted by the city and the contractors to enforce the statutory lien which exists in such cases to secure the costs apportioned to the property of Hicks and wife. In addition to seeking to surcharge the apportionment of the costs of the retaining wall and the other four items, Hicks and wife set up a counterclaim for the taking of a portion of their lots for the construction of the street. A decree was entered denying them relief. They appeal.

Their argument that the widening of Thirteenth street was not an original construction was answered by this court in Huddleston et al. v. City of Ashland, 217 Ky. 452, 289 S. W. 1091. No authority or reason is presented for the distinguishing of the widening of Thirteenth street under the ordinance in the present case from that in Huddleston et al. v. City of Ashland. Before Thirteenth street was improved under the ordinance herein, it was a portion of the state highway. It had not been previously constructed or reconstructed by the city. Until it is constructed as prescribed by the city ordinances, no construction thereof is in any sense an

"original construction" at the cost of abutting property owners. Sparks v. Barber Asphalt Paving Co., 129 Ky. 769, 112 S. W. 830, 22 L. R. A. (N. S.) 877, 130 Am. St. Rep. 492; McHenry v. Selvage, 99 Ky. 232, 35 S. W. 645, 18 Ky. Law Rep. 473; Wymond v. Barber Asphalt Paving Co., 77 S. W. 203, 25 Ky. Law Rep. 1135; Guilfoyle's Ex'r v. City of Maysville, 129 Ky. 532, 112 S. W. 666; Marret v. Jefferson County Construction Co., 161 Ky. 845, 171 S. W. 396; Carran v. City of Ludlow, 174 Ky. 529, 192 S. W. 526. The general rule in such cases is "a street, without regard to its previous condition, may be originally improved once at the expense of the abutting [property] owner, and where the property of the abutting owner has never been assessed for street construction, and the work so far as the owner is concerned is original construction, the city has the right to charge them with the expense of it." Kimbley v. Hickman, 163 Ky. 713, 174 S. W. 484; Marret v. Jefferson County Construction Co., supra; City of Catlettsburg v. Self, 115 Ky. 669, 74 S. W. 1064, 25 Ky. Law Rep. 161; Southern Bitulithic Co. v. Sweeney, 195 Ky. 577, 242 S. W. 846. As to the determination of the necessity of widening the street and of the construction of the retaining wall, the general council of the city was the final judge, in the absence of both allegation and clear and convincing proof of either fraud or bad faith amounting to actual fraud. Mudge v. Walker, 122 Ky. 29, 90 S. W. 1046, 28 Ky. Law Rep. 996; Katterjohn v. King, 202 Ky. 69, 258 S. W. 960. The retaining wall was called for in the plans and specifications of the improvement. Without it, it was impossible to execute the plans and make the improvement. It was constructed for the benefit of the street and the property owners, and is necessary to protect and preserve the street. It is an indispensible part of the street. It is not an independent improvement in any sense. The cost thereof is properly chargeable to the abutting property owners, even though the ordinance ordering the improvement did not in terms provide for it. Wendt v. Tucker, 185 Ky. 626, 216 S. W. 61; City of Hazard v. Adams, 229 Ky. 598, 17 S. W. (2d) 703; City of Covington v. Sullivan, 172 Ky. 534, 189 S. W. 709; Janutola & Comadori Construction Co. v. Taulbee, 211 Ky. 356, 277 S. W. 477; Board of Council-

men v. Jillson, 225 Ky. 61, 7 S. W. (2d) 859; Downing v. Town of Chinnville, 237 Ky. 121, 34 S. W. (2d) 961.

Respecting the cost of the sewer that was included in the apportionment of the cost of the improvement, section 3105, Ky. Statutes, authorizes a city of the second class to construct sewers in, on, along, or under the streets, alleys, or highways of the city, and to assess the entire cost thereof, including intersections, upon lots and lands in the neighborhood of the sewers, which may be benefited thereby, according to the benefits received, and to levy a special local tax on such lots and lands for the cost of such improvement so assessed thereon. The general council is expressly required to fix and determine by an ordinance what lots and lands are benefitted thereby, and in like manner to fix and determine the amount of tax to be levied upon the several lots or lands so benefited. This section sets out in detail how such ordinance shall be passed and the sewer tax shall be collected. Rich v. Woods, 118 Ky. 865, 82 S. W. 578, 26 Ky. Law Rep. 799; City of Covington v. Noland & Co., 89 S. W. 216, 28 Ky. Law Rep. 314. That this provision in the statute is a material as well as an important one cannot seriously be questioned, and, to carry out what we conceive to be the purpose of the law, we think this feature of the statute should be treated as mandatory. Mulligan v. McGregor, 165 Ky. 222, 176 S. W. 1129. The purpose of its requirement was to give notice to the property owners of the contemplated improvement and that their property would be subject to assessment for the payment of the sewers. But for the statute, the city council, as it has done in this case without notice to the property owners of the territory in which the sewer was constructed that their property would be charged with the cost of construction, and without the adoption of an ordinance authorizing the improvement, may impose unlimited cost upon the property owners. It is conceded that the construction of the sewer, the cost of which has been apportioned among the property owners abutting on Thirteenth street where it was improved, was not authorized by the ordinance directing and requiring the street improvement. The cost of the sewer has been incurred and apportioned against the property owners abutting on Thirteenth street without an ordinance or a contract therefor, and without notice to, and the consent of, the owners of the property. The street in front

of Hicks' property is six to eight feet above the surface of their lots. The sewer thereon cannot be used by the occupants or owners of their lots because of the elevation of the sewer above them. Their lots cannot and do not receive any benefit of the sewer. This fact demonstrates the wisdom of the statutes applicable in such cases.

Before the property abutting may be charged with the cost thereof, its construction must be ordered in the manner prescribed by the statutes. Dodd v. Hector & Sons, 136 Ky. 596, 124 S. W. 860. The failure of the city in this case to comply therewith precludes its right to include the cost of the sewer as a part of the cost of the street improvement and to collect therefor of the abutting property owners. Mulligan v. McGregor, supra.

Respecting the items of abstracting, inspection, and engineering, included in the cost of the street improvement and apportioned against the abutting property owners, the general rule is "only such costs as enter into construction or doing the work can be included in the total against abutting property." See City of Marion v. Paris, 237 Ky. 305, 35 S. W. (2d) 311. This general rule, as well as the language of the statute, precludes the right of the city to include these items or any of them. Sections 3165 and 3172, Ky. Statutes, provide cities of the second class with a city attorney and a city solicitor. Sections 3144 and 3173 provide it with an engineer. The abstracting, inspection, and engineering, the cost of which has been included in the cost of the street improvement, are that character of services which these officials are required to perform. It is argued that the city, at the time it was constructing and improving Thirteenth street, was also improving other streets in the city, and that its engineering force was not sufficient to perform all the services for the various improvements then in progress without additional employees, and for this reason the cost of their services should be paid for by the abutting property owners as a part of the cost of the street improvement. The cost of the services of the engineer may not thus be shifted to the abutting property owners. City of Marion v. Paris, 237 Ky. 305, 35 S. W. (2d) 311; Board of Councilmen of City of Frankfort v. Jillson, 225 Ky. 61, 7 S. W. (2d) 859. The contrary rule prevails where the city

charter does not provide an attorney and engineer. Hoerth v. City of Sturgis, 221 Ky. 835, 299 S. W. 1074.

Finally it is argued by the city that the act of the general council approving the apportionment of the cost of the street against the property owners is conclusive against them, and that they cannot, after the approval thereof by it, dispute the apportionment. This rule obtains when the cost of the improvement, or the cost of doing the work only, is included in the total cost apportioned, and not where unauthorized, illegal, or erroneous items are arbitrarily included by the general council. The court has the power to correct the apportionment, and purge it of unauthorized, illegal, or erroneous items. Lindsey v. Brawner, 97 S. W. 1, 29 Ky. Law Rep. 1236; Herndon v. Brawner, 180 Ky. 807, 203 S. W. 727.

The claim of the Hicks that the city used a portion of their lot, without their consent and without compensation, in the construction of the street improvement, cannot be asserted as a defense or counterclaim in this action to enforce a lien against their property to satisfy the cost of the street improvement. Bayes v. Town of Paintsville, 166 Ky. 679, 179 S. W. 623, L. R. A. 1916B, 1027; Town of Hardinsburg v. Mercer, 172 Ky. 661, 189 S. W. 1117; Herndon v. Brawner, supra; Louisville Steam Forge Co. v. Mehler, 112 Ky. 438, 64 S. W. 396, 652, 23 Ky. Law Rep. 1335. If a contractor trespasses on the property of another by going outside of the street and attempts to improve it as a part of the street, a different rule obtains. Herndon v. Brawner, supra. Hicks' remedy, if a portion of their lot was taken by the city for the widening or improving the street, is an independent action against the city to recover damage of the city for taking their land for street construction. City of Hazard v. Eversole, 237 Ky. 242, 35 S. W. (2d) 313, and cases cited. The evidence fails to show definitely the cost of the labor and material used in the construction of the sewer. This court is unable to determine from the evidence the amount that should be deducted from the cost of the street improvement on account thereof.

Wherefore the judgment is reversed, with directions to deduct from the cost of the street improvement the items of abstracting, inspection, and engineering, with the privilege to the parties to show the definite amount of the cost of the labor and material used in the

construction of the sewer, and, when sufficiently shown, the court will deduct the costs thereof, and for proceedings consistent with this opinion.